354 So.2d 963 (1978)
TRAVELERS INDEMNITY COMPANY, Petitioner,
v.
Yolanda N. SALIDO, Respondent.
No. 77-1263.
District Court of Appeal of Florida, Third District.
February 7, 1978.
High, Stack, Davis & Lazenby and Alan R. Dakan, Miami, for petitioner.
West, Friesner & Goldman and Thomas Schwartz, Miami, for respondent.
Before HENDRY and HUBBART, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
HUBBART, Judge.
This case presents a question relating to the scope of pre-trial discovery in a civil case. Certiorari review is sought in this court to quash a circuit court order denying certiorari relief as to certain discovery orders entered in a county court action.
The plaintiff Yolanda N. Salido brought an action against her no-fault automobile insurance carrier Travelers Indemnity Company in the County Court of Dade County. The plaintiff sought to recover the balance of fifty dollars allegedly due on an orthopedic doctor bill incurred by the plaintiff as a result of injuries sustained in a motor vehicle accident. By deposition subpoena duces tecum, the plaintiff sought from Travelers Indemnity Company certain documents. Travelers moved to quash the subpoena, which the county court judge denied. The court, however, limited the scope of the *964 subpoena so as to require the production of all bills which Travelers Indemnity Company had paid for initial orthopedic doctor examinations covering a three month period before and after the date the bill in this case was incurred. Later the court assessed a fifty dollars attorneys fee for the plaintiff for having to seek enforcement of this order, but limited the prior discovery order to orthopedic examinations in Dade County, Florida. Travelers sought certiorari review in the Dade County Circuit Court as to both of these orders. The circuit court denied the relief requested and this petition for certiorari follows.
The law is clear that discovery under the Florida Rules of Civil Procedure, although wide-ranging, has certain limits. It cannot be utilized to explore all the minute details of a controversy or delve into immaterial or inconsequential matters. Nor can such discovery be so unduly burdensome upon a party as to be oppressive. Cabrera v. Evans, 322 So.2d 559 (Fla. 3d D.C.A. 1975); Schering Corp. v. Thornton, 280 So.2d 493 (Fla. 4th D.C.A. 1973); Dade County v. Jordan Marsh Co., 219 So.2d 756 (Fla. 3d D.C.A. 1969); Riddle Airlines, Inc. v. Mann, 123 So.2d 685 (Fla. 3d D.C.A. 1960).
The orthopedic doctor bills ordered produced in the instant case are of doubtful relevance for discovery to the action at hand. They are obviously not admissible evidence nor do they appear probative on the issue of the reasonableness of the doctor bill in this case. They all relate to orthopedic doctor bills paid by Travelers for medical services performed in other and presumably different orthopedic cases in Dade County over a three month period. Moreover, the particular doctor bill herein cannot by statute be "in excess of the amount the person or institution customarily charges for like services ... in cases involving no insurance." Section 627.736(5), Florida Statutes (1975) [emphasis added]. All the bills ordered produced in this case involve payments in insurance cases.
To the extent that the bills ordered produced might possibly, if only remotely, lead to the discovery of admissible evidence, its minimal relevance is more than outweighed by the considerable time and expense necessary for Travelers to interrupt its normal business practices to compile the voluminous materials sought. By affidavit filed before the county court, it was made to appear that Travelers maintains no central records file to readily obtain the information sought and to attempt to identify and obtain such information would require the examination and review of thousands of claim files involving great time and expense to the company. That all this should be done to assist the plaintiff to obtain materials of doubtful relevance is to our mind so unduly burdensome to Travelers as to be oppressive. Accordingly, the discovery orders including the attorneys fee herein entered by the county court constitute a departure from the essential requirements of law.
The petition for certiorari is granted and the order under review is quashed with directions to the circuit court to grant the certiorari relief sought by Travelers Indemnity Co. and to quash the discovery and attorneys fee orders entered by the county court in this action.