512 So.2d 264 (1987)
EASTERN CEMENT CORPORATION, Appellant,
v.
DEPARTMENT OF ENVIRONMENTAL REGULATION and General Portland Cement Company, Inc., Appellees.
No. BQ-493.
District Court of Appeal of Florida, First District.
August 26, 1987.
Paul H. Amundsen of McDermott, Will & Emery, Tallahassee, for appellant.
Julia Cobb Costas, Asst. Gen. Counsel, Tallahassee, for appellee/Dept. of Environmental Regulation.
William B. Taylor, IV, and Mary L. Taylor of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellee/Gen. Portland Cement Co., Inc.
*265 SMITH, Chief Judge.
Appellant, Eastern Cement Corporation (Eastern), seeks review of two non-final agency orders denying in part its request for a protective order. We reverse.
Appellee, General Portland Cement Company, Inc. (General Portland), applied for an air pollution permit to construct a cement unloading and transporting system to be located in Palm Beach County adjacent to a similar facility operated by Eastern. After appellee, Department of Environmental Regulation (DER), gave notice of its intent to issue a permit to General Portland, Eastern petitioned for a formal administrative hearing, alleging that the proposed pollution control system would cause excessive air pollution and that the information provided by General Portland was incomplete and partially erroneous.
After the matter was referred to a hearing officer, General Portland requested Eastern to produce for inspection and copying all permits and related documents with respect to Eastern's facilities located in Palm Beach County and Manatee County. Eastern objected to the production of any document which contained its trade secrets. General Portland also propounded an interrogatory to Eastern requesting specific information regarding its dust collector, to which Eastern objected, alleging that the information was a trade secret protected from discovery pursuant to, inter alia, section 403.111, Florida Statutes (1985). In addition, Eastern filed a motion for a protective order with a supporting affidavit in which it alleged that Eastern had developed at great expense a method of unloading cement generally described as "System D," the details of which were provided to DER in the course of the permitting process, and that if these trade secrets were divulged, General Portland would be enriched at the expense of Eastern.
The hearing officer issued an order which stated in relevant part the following:
The Petitioner, Eastern Cement Corporation's Motion for Protective Order is denied in part. Information, documents, records and testimony relating thereto, which is otherwise shown to be relevant to the resolution of any issues in this proceeding may not be withheld on the basis of Section 403.111, Florida Statutes (1985). Materials made confidential pursuant to Section 403.111, Florida Statutes (1985) shall be released, maintained and handled subject to the conditions and limitations contained in the Protective Order this date.
In the protective order issued the same date, the hearing officer directed disclosure of any claimed confidential or trade secret information to the parties and their witnesses, but otherwise barred public disclosure.
The pertinent statute, section 403.111, Florida Statutes (1985), provides:
Any information, other than effluent data, relating to secret processes, methods of manufacture or production which may be required, ascertained, or discovered by inspection or investigation, shall not be disclosed in public hearings and shall be kept confidential by any member, officer, or employee of the department. Provided that nothing herein shall be construed to prevent the use of such records in judicial proceedings in connection with the prosecution of violations of this act, when ordered to be produced by appropriate subpoena or by order of the court. No such subpoena or order of the court shall abridge or alter the rights or remedies of persons affected in the protection of trade secrets or secret processes, in the manner provided by law, and such persons affected may take any and all steps available by law to protect such trade secrets or processes.
The statute obviously provides an exception to the state policy that all public records are open to inspection by the public at large (Chapter 119, Florida Statutes), and it prohibits DER from releasing for public inspection records containing secret processes and trade secrets. However, we reject appellant's contention that this statute provides absolute immunity from discovery of confidential information where a party in a formal administrative proceeding can demonstrate the necessity for disclosure.
*266 Pursuant to the provisions of section 90.506, Florida Statutes (1985), the owner of a trade secret has the privilege of refusing to disclose the secret and to prevent other persons from disclosing it, provided that nondisclosure will not conceal fraud or otherwise work injustice. Florida Rule of Civil Procedure 1.280(c)(7) provides that upon motion and for good cause shown, the court may enter an order protecting the trade secret from disclosure or permitting disclosure in a designated way. In construing the foregoing statute and rule, this court has held that after a resisting party has shown good cause for a protective order, the opposing party must demonstrate a reasonable necessity for the information. Goodyear Tire & Rubber Co. v. Cooey, 359 So.2d 1200 (Fla. 1st DCA 1978) (discovery order overbroad and not supported by sufficient predicate of reasonable necessity).
In his protective order, the hearing officer directed that "[a]ny claimed confidential or trade secret information, documents or records or testimony relating thereto, which is otherwise relevant to the issues in this proceeding shall be released" to the parties, but not to the public at large. By ordering disclosure of information "relevant" to the issues, the hearing officer provided little, if any, protection to Eastern. The order is likewise deficient in specifying what trade secrets actually exist and, most significantly, fails to set forth findings of fact and a conclusion therefrom that disclosure is reasonably necessary to resolve the issues in dispute. We therefore quash the orders and remand the case for further proceedings consistent herewith.
REVERSED.
SHIVERS and WENTWORTH, JJ., concur.