514 So.2d 1158 (1987)
GENERAL HOTEL & RESTAURANT SUPPLY CORPORATION, Petitioner,
v.
Daniel H. SKIPPER, Respondent.
No. 87-2248.
District Court of Appeal of Florida, Second District.
November 6, 1987.
Brian K. Goodkind and Ellen M. Waldman of Adorno, Allen, Yoss, Schiff & Good-kind, P.A., and Jeffrey R. Roth, Miami, for petitioner.
Larry H. Evans of Larry H. Evans, P.A., Tampa, and Carl E. Patrick of Patrick and Borne, P.A., Sarasota, for respondent.
PER CURIAM.
Petitioner seeks a writ of certiorari from the trial court's order granting discovery of certain materials for which petitioner claims trade secret privilege. We grant the petition.
During the course of a lawsuit based on breach of an oral contract and fraud, respondent *1159 requested production of certain documents. Petitioner objected to the production request on two grounds. First, that the documents are trade secrets and thus privileged pursuant to section 90.506, Florida Statutes (1985) and Florida Rule of Civil Procedure 1.280(b). Second, that the lawsuit is in essence an accounting action and proof of liability must be established prior to permitting discovery on damages. Respondent's motion to compel production was granted by the trial court.
We find no departure from the essential requirements of law in the trial court's determination that the lawsuit is for breach of oral contract rather than accounting. However, the order fails to indicate why the motion to compel production was granted and makes no determination as to whether or not the documents are trade secrets. If the court found that the documents were not trade secrets, it appears from the order and the record that such determination was made without a review of the materials. Becker Metals Corp. v. West Florida Scrap Metals, 407 So.2d 380 (Fla. 1st DCA, 1981). If the court found the materials were trade secrets, it failed to require the respondent to show the reasonable necessity for such items. Good-year Tire & Rubber Co. v. Cooey, 359 So.2d 1200 (Fla. 1st DCA 1978).
Accordingly, we find that there has been a departure from the essential requirements of law that will result in a material injury that is irreparable on appeal and grant the petition. On remand, the trial court shall first determine whether the documents constitute trade secrets. If so, the respondent must then show the reasonable necessity for the documents. If the court grants disclosure, it must take adequate measures to protect the interests of the petitioner, the parties, and justice. § 90.506, Fla. Stat.
RYDER, A.C.J., and SCHOONOVER and HALL, JJ., concur.