625 So.2d 1277 (1993)
RARE COIN-IT, INC., Petitioner,
v.
I.J.E., INC., Respondent.
No. 93-914.
District Court of Appeal of Florida, Third District.
October 12, 1993.
Rehearing Denied November 23, 1993.
*1278 Wilson, Johnson & Jaffer, and Clyde H. Wilson, Sarasota, Lawrence H. Rogovin, North Miami Beach, for petitioner.
Brown Raysman & Millstein, and Julian S. Millstein, New York, Weintraub & Rosen, and Lee I. Weintraub, Miami, for respondent.
Before SCHWARTZ, C.J., and NESBITT and GERSTEN, JJ.

ON PETITION FOR WRIT OF CERTIORARI
PER CURIAM.
Petitioner, Rare Coin-It, Inc. (Rare), seeks a writ of certiorari from the trial court's order granting Respondent's, I.J.E., Inc.'s (IJE), motion to compel discovery of a trade secret subject to a protective order. We grant certiorari.
Rare and IJE entered into contracts providing for Rare to develop video game programs of the "Wheel of Fortune" television game show, for play only on Nintendo hardware. Computer video game programs are written in source code which directs the computer hardware. IJE already owned the rights to the IBM source code for the "Wheel of Fortune" video game program. The IBM source code worked only on IBM hardware. IJE delivered its IBM source code to Rare for use in developing the Nintendo program. The parties now dispute the ownership of the Nintendo source code.
IJE sued Rare for breach of contract, replevin, injunction, unfair competition, and specific performance. During discovery, IJE requested that Rare produce the Nintendo source code. Rare refused, claiming the source code was a trade secret. Nonetheless, IJE moved to compel production of the trade secret.
At the hearing on the motion to compel discovery, IJE conceded that the source code was trade secret information. However, IJE claimed its production was needed to distinguish the difference between the disputed Nintendo source code and the IBM source code. The trial court issued an order requiring Rare to produce the source code subject to a protective order.
Rare asserts that reasonable necessity has not been shown, and that production of the source code is neither necessary nor relevant to interpreting the parties' contracts and determining the issue of the source code's ownership. IJE contends that production of the Nintendo source code is absolutely necessary to its case since only then can IJE determine that Rare did not copy the IBM source code.
Section 90.506, Florida Statutes (1991), states that "[a] person has a privilege to refuse to disclose, and to prevent other persons from disclosing, a trade secret owned by him if the allowance of the privilege will not conceal fraud or otherwise work injustice." Rule 1.280(c)(7), Florida Rules of Civil Procedure, provides that upon motion by a party from whom discovery is sought, and for good cause shown, the court may order that a trade secret not be disclosed or be disclosed only in a designated way.
When trade secret privilege is asserted as the basis for resisting production, the trial court must determine whether the requested production constitutes a trade secret; if so, the court must require the party seeking production to show reasonable necessity for the requested materials. General Hotel & Restaurant Supply Corp. v. Skipper, *1279 514 So.2d 1158 (Fla. 2d DCA 1987); Eastern Cement Corp. v. Department of Envtl. Regulation, 512 So.2d 264 (Fla. 1st DCA 1987); Goodyear Tire & Rubber Co. v. Cooey, 359 So.2d 1200 (Fla. 1st DCA 1978). If production is then ordered, the court must set forth its findings. General Hotel, 514 So.2d at 1159; Eastern Cement, 512 So.2d at 266.
Here, Rare asserted, and IJE conceded, that the source code was a trade secret. Ownership of the Nintendo source code is the ultimate issue in this case. However, IJE failed to demonstrate a reasonable necessity for production of the source code and the court's order failed to address whether the disclosure was reasonably necessary.
Production of the source code, without a showing and finding of reasonable necessity, would cause Rare irreparable harm. This is true even when the trial court orders production subject to a protective order. Accordingly, we find that there has been a departure from the essential requirements of law and this will result in a material injury that is irreparable on appeal. General Hotel, 514 So.2d at 1159. Petition for certiorari is granted and the order granting discovery is quashed.
Certiorari granted.