644 So.2d 103 (1994)
INRECON, Petitioner,
v.
The VILLAGE HOMES AT COUNTRY WALK, Master Maintenance Assoc., Inc., The Village Homes at Country Walk 1-9, Inc., and American Reliance Insurance Company, a New Jersey Corporation, Respondents.
No. 94-1785.
District Court of Appeal of Florida, Third District.
September 23, 1994.
Rehearing Denied November 16, 1994.
*104 Floyd Pearson Richman Greer Weil Brumbaugh & Russomano, P.A., and Scott Jay Feder, for petitioner.
Wallace, Engels, Pertnoy, Solowsky & Allen and Jay Solowsky, for respondents.
Before COPE, GODERICH and GREEN, JJ.
COPE, Judge.
Inrecon petitions for a writ of certiorari. We grant the petition.

I
Inrecon is a non-party expert witness in insurance litigation pending below. The underlying litigation arises on account of losses sustained at the Country Walk residential community during Hurricane Andrew on August 24, 1992. The defendant, American Reliance Insurance Company, provided coverage for plaintiffs, The Village Homes at Country Walk, Master Maintenance Association, Inc., and The Village Homes at Country Walk 1-9, Inc. (collectively "plaintiffs" or "Country Walk"). The insurer has paid a portion of Country Walk's claim. Plaintiffs brought suit to collect the balance they contend is owed.
Inrecon is a company which specializes in reconstruction of property damaged by fire, hurricane, flood, or other calamity. The company is headquartered in Detroit, Michigan with an office in Tampa, Florida. It has been in business for 40 years and had sales in excess of 50 million dollars last year.
Following Hurricane Andrew, American Reliance hired Inrecon to examine the damage at Country Walk, assess the repairs which would need to be done, and estimate the cost of those repairs. Inrecon did so.
Inrecon was permitted to bid for the Country Walk work. The company offered to perform the reconstruction at a price not exceeding 13 million dollars. However, Country Walk selected another contractor for the work. After work commenced, Country Walk and the winning contractor renegotiated. The contract price was increased significantly. The price eventually paid by Country Walk was substantially higher than Inrecon's bid and exceeded the insurance coverage limit. Plaintiffs requested that American Reliance pay the full amount of the insurance coverage. American Reliance declined to do so, and this litigation followed.
American Reliance hired Inrecon to serve as its expert witness in the litigation. The focal point of Inrecon's assignment is to testify about the 13 million dollar proposal which Inrecon had provided. During discovery, Inrecon has turned over its documents setting forth the scope of work it proposed to perform, and the details of its 13 million dollar estimate.

II
The present controversy arises out of discovery which has been ordered regarding work which Inrecon performed at three projects which were completely unrelated to Country Walk. During deposition, Inrecon testified that it had performed other Hurricane Andrew reconstruction work in Dade County. Three such projects were residential communities exceeding 2 million dollars each. Inrecon identified the projects and testified that it made a profit on each of the Hurricane Andrew projects.
The plaintiffs then demanded disclosure of the exact profit figures for each of the other three unrelated developments. Inrecon objected to the disclosure of profits and pricing information at the unrelated projects.
The trial court ordered Inrecon to produce computer records revealing the financial details of each of the three unrelated projects. The court also ordered Inrecon to disclose its scope of work estimates and proposals for each of the projects. The trial court found that these records would disclose Inrecon's trade secrets and confidential commercial information, but concluded that adequate protection would be afforded by entry of a confidentiality order.
Inrecon has petitioned for certiorari. Inrecon contends that there is no basis for ordering production of its confidential financial *105 data and trade secrets regarding work which it performed for other customers wholly independent of Country Walk. We conclude that Inrecon's position is well taken.

III
The Evidence Code provision on trade secrets states, in part: "A person has a privilege to refuse to disclose, and to prevent other persons from disclosing, a trade secret owned by him if the allowance of the privilege will not conceal fraud or otherwise work injustice." § 90.506, Fla. Stat. (1993).[1] The commentary states:
The issue of trade-secret privilege usually arises when a litigant seeks to compel disclosure of secret information which is commercially valuable to his opponent... .
The purpose of the privilege is to prohibit a party from using the duty of a witness to testify as a method of obtaining a valuable trade secret when the lack of disclosure will not jeopardize more important interests. It is widely recognized that the trade-secret privilege is not absolute. In each case the judge must weigh the importance of protecting the claimant's secret against the interests in facilitating the trial and promoting a just end to the litigation. Such factors as the potential impact of disclosure upon the holder's business, protection afforded by copyright and patent laws, and necessity of disclosure to the presentation of the opponent's case, may guide the judge in deciding whether to order disclosure. However, the judge is afforded wide discretion to permit the privilege to be invoked so long as the wrongdoer is not allowed to conceal his acts.
6B Fla. Stat. Ann. § 90.506 (1979), Law Revision Council Note (citations omitted). Cf. Fla.R.Civ.P. 1.280(c)(7) (authorizing protective order "that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way"). "If it is established that confidential information is being sought, the burden is on the party seeking discovery to establish that the information is sufficiently relevant and necessary to his case to outweigh the harm disclosure would cause to the person from whom he is seeking the information." 8 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2043, at 301-02 (1970) (footnote omitted) (counterpart federal provision).
In our view the balance tips decidedly in Inrecon's favor. First, Inrecon is not a party to this litigation, but is an expert witness. We do not think that by agreeing to serve as an expert witness, the expert automatically becomes subject to discovery of trade secrets and confidential commercial information pertaining to unrelated projects performed for other customers.
Second, it appears to us that the confidential details of the work performed by Inrecon at other Dade County job sites constitute an entirely collateral matter. The documents ordered to be produced disclosed the pricing and profit of the three unrelated jobs. That data is meaningful only in light of the conditions existing at the three unrelated job sites, but has no bearing on the conditions existing and the work needed at the Country Walk site. "The rule that allows a party to request production of its opponent's records `is in no sense designed to afford a litigant an avenue to pry into his adversary's business or go on a fishing expedition to uncover business methods, confidential relations, or other facts pertaining to the business.'" Federal Deposit Ins. Corp. v. Balkany, 564 So.2d 580, 581 (Fla. 3d DCA 1990) (citation omitted); see also Goodyear Tire & Rubber Co. v. Cooey, 359 So.2d 1200 (Fla. 1st DCA 1978); Travelers Indemnity Co. v. Salido, 354 So.2d 963 (Fla. 3d DCA 1978). The foregoing observation applies with greater force where, as here, the discovery sought is from a witness, not a party.

IV
Plaintiffs argue alternatively that American Reliance has opened the door to this discovery from its expert. American Reliance's *106 witness list summarizes the testimony expected of its trial witnesses, including Inrecon. In addition to Inrecon's testimony about Country Walk, American Reliance recites that Inrecon would also testify as to the "fact that a profit was made on all hurricane work done... ." This reference is apparently to Inrecon's deposition testimony that it made a profit on its post-Hurricane Andrew work in Dade County.
We note that American Reliance proposes to elicit only the fact that a profit was made, and not the amount of such profit. We express no opinion on the question whether such testimony would actually be admissible at trial. However, given that American Reliance at this juncture proposes to elicit such testimony, it follows that the plaintiffs are entitled to reasonable discovery limited to the question whether a profit was made on the three unrelated jobs. The present discovery order, however, goes far beyond that narrow inquiry and requires disclosure of price and profit amounts. Such an inquiry is clearly collateral and beyond permissible boundaries.

V
For the reasons stated, we grant certiorari and quash the discovery order.
NOTES
[1] The statute goes on to provide, "When the court directs disclosure, it shall take the protective measures that the interests of the holder of the privilege, the interests of the parties, and the furtherance of justice require. The privilege may be claimed by the person or his agent or employee." Id.