820 So.2d 445 (2002)
HARLEY SHIPBUILDING CORP. and Howard Harley, Petitioners,
v.
FAST CATS FERRY SERVICE, LLC., Respondent.
No. 2D01-4814.
District Court of Appeal of Florida, Second District.
July 10, 2002.
*446 Ronald D. Cook of Cook & Koch, P.A., Tampa, for Petitioners.
Robert P. Watrous of Watrous & Delpech, Sarasota, for Respondent.
CASANUEVA, Judge.
Harley Shipbuilding Corp. and Howard Harley (Harley) have petitioned for a writ *447 of certiorari, seeking to quash an order of the circuit court that compelled them to produce documents allegedly protected by the trade secret privilege and that awarded Fast Cats Ferry Service (Fast Cats) sanctions in the form of attorney's fees and costs. We hold that the circuit court's order departed from the essential requirements of law, causing material injury to Harley and leaving Harley no adequate remedy on appeal. Accordingly, we grant the petition, issue the writ, and quash the circuit court's order.
Fast Cats, the plaintiff in this action, entered into a contract with Harley for the purchase of a ferry boat that Harley was to design and build at a cost of over three million dollars. Problems developed, and Fast Cats sued Harley in Sarasota County for fraud, misrepresentation, and breach of contract. In the course of the lawsuit both sides served requests for production followed by motions to compel, resulting in the court's order compelling discovery on June 29, 2001. Fast Cats requested that the court require Harley to produce documents subject to their request for production and, further, to order them produced in Sarasota County so that Fast Cats would not have to travel to Polk County to retrieve the documents. At the conclusion of a brief hearing the court entered an order requiring Harley to copy the Polk County documents and to send them to Fast Cats but imposing no time limit for compliance. The same order denied the motion to compel some of Fast Cats' requests for production and, most important, required Fast Cats to reset objections on relevancy because of time constraints of the hearing. Harley had asserted a relevancy objection to most of the requests in addition to a privilege objection as to certain documents, and at the June 29 hearing the court did not rule upon those objections. Thus, Harley was not required to produce any documents that it claims are privileged on this petition for certiorari.
Because of the volume of documents required to be produced, Harley's counsel was unable to produce the documents to Fast Cats' counsel in Polk County until sometime after his previously scheduled two-week vacation in late July and early August. Fast Cats' counsel was notified of Harley's production and scheduling difficulties but nevertheless filed a motion for contempt and sanctions related to the document production on August 3, 2001. Attached to the motion was a notice setting a hearing on the matter for August 17, 2001, but Harley's counsel overlooked the notice and failed to put it on his calendar. Thus, when the motion was called up for hearing Harley's counsel was not there, and neither the court nor the opposing attorney made any attempt to inquire about his absence.
This hearing of August 17, 2001, at which Harley's counsel was not present, resulted in a court order requiring Harley to comply with its order of June 29, 2001, and to pay an attorney's fee as a sanction. After its motion for reconsideration was denied on September 19, 2001, Harley produced 1845 pages of documents within ten days. On October 11, 2001, Harley produced an additional thirty-two pages of documents and paid the $1382.50 fee to Fast Cats' counsel.
The next day Fast Cats filed a second amended motion for contempt and sanctions, complaining that Harley did not provide responsive documents for certain requests. This motion was heard on October 19, 2001, and on that date the court entered the order that is the subject of this certiorari petition.
This somewhat extensive explanation of the events is necessary to clarify the context in which this discovery order *448 was issued. This order was the first instance in which the circuit court ordered production of responses to requests 41, 42, 43, and 44, to which Harley had asserted relevancy objections that Fast Cats had been ordered on June 29, 2001, to set for hearing. By filing its petition for certiorari with this court on November 2, 2001, Harley timely preserved the issue of whether the trial court departed from the essential requirements of law in compelling production of those specific documents as well as ordering sanctions for failure to comply with an earlier order.
Certiorari review "is appropriate when a discovery order departs from the essential requirements of law, causing material injury to a petitioner throughout the remainder of the proceedings below and effectively leaving no adequate remedy on appeal." Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla.1995). To determine whether this court has jurisdiction for certiorari review, we must first "assess whether the petitioner has made a prima facie showing that the order creates irreparable harm." Morgan, Colling & Gilbert, P.A. v. Pope, 798 So.2d 1, 3 (Fla. 2d DCA 2001). Trade secrets are privileged under section 90.506, Florida Statutes (2000), and Florida cases recognize that their disclosure creates the potential for irreparable harm. See Salick Health Care, Inc. v. Spunberg, 722 So.2d 944 (Fla. 4th DCA 1998); Rare Coin-It, Inc. v. I.J.E., Inc., 625 So.2d 1277, 1278-79 (Fla. 3d DCA 1993). The second inquiryin this case closely intertwined with the firstis whether the court's order departs from the essential requirements of law. By ordering production of allegedly privileged documents without conducting an in camera inspection or holding any kind of hearing on the objections to their production, the circuit court departed from the essential requirements of law. See Salick, 722 So.2d 944; Uniroyal Goodrich Tire Co. v. Eddings, 673 So.2d 131 (Fla. 4th DCA 1996).
Contrary to Fast Cats' assertion in response to this petition, this is not the kind of case where preparation of a privilege log is required. Cf. TIG Ins. Corp. of Am. v. Johnson, 799 So.2d 339 (Fla. 4th DCA 2001). In TIG the court simply could not decipher whether claims of privilege had been waived by the party seeking protection without the aid of a privilege log. Here, in contrast, fewer documents are involved (responses to four requests for production), and the petitioner has already produced parts of those documents for the respondent. Because the circuit court has never examined these documents nor ruled upon the privilege objections, the failure to provide a privilege log is not at issue.
The order under review also states that the "Plaintiff is entitled to sanctions of attorney's fees and costs." Fast Cats sought sanctions under the new version of section 57.105(3), Florida Statutes (2000), which requires the court to award damages to the moving party for expenses in obtaining an order compelling responses to discovery when the response to a demand for discovery "was taken primarily for the purpose of unreasonable delay." The circuit court made no findings suggesting that Fast Cats is entitled to attorneys' fees for obtaining this order. Harley consistently asserted a privilege objection as to these documents, and these particular documents were never the subject of a court order until the October 19, 2001, order was entered. Furthermore, the circuit court's requirement in its first order that Harley produce documents by photocopying them and sending them to Fast Cats in Sarasota County was, as Harley contends, contrary to the dictates of Florida Rule of Civil Procedure 1.350(b). Harley's initial response that it would produce documents in *449 Polk County as they were kept in the usual course of business was contemplated by rule 1.350(b). Thus, the trial court's earlier orders imposed a burden upon Harley that contributed to the delay in Fast Cats' receipt of the documents.
Based upon the foregoing, we grant Harley's petition, issue the writ, and quash the circuit court's order requiring production of documents 41, 42, 43, and 44, to which Harley has asserted an objection based upon privilege. We also quash that portion of the order finding that Fast Cats is entitled to sanctions of attorneys' fees and costs.
NORTHCUTT and SILBERMAN, JJ., Concur.