829 So.2d 991 (2002)
SUPERIOR INSURANCE COMPANY, Petitioner,
v.
Lenora F. CANO, Respondent.
No. 2D02-975.
District Court of Appeal of Florida, Second District.
November 8, 2002.
*992 Alan J. Nisberg and Natalie G. Lontchar of Butler Burnette Pappas LLP, Tampa, for Petitioner.
Timothy T. Ramsberger of Timothy T. Ramsberger P.A., St. Petersburg, for Respondent.
BLUE, Chief Judge.
Superior Insurance Company seeks a writ of certiorari to quash the trial court's order compelling its claims adjuster to answer deposition questions. We quash the order insofar as it requires the claims adjuster to provide trade secrets without a judicial determination of whether a trade secret privilege is being validly asserted.
Lenora F. Cano has sued her insurance company, Superior, seeking a declaration that her insurance policy provided coverage for an accident involving her son. During a deposition of Superior's claims adjuster, Superior raised objections and instructed the claims adjuster not to answer. In ruling on Ms. Cano's motion to compel and Superior's motion for protective order, the trial court ruled that the claims adjuster must answer all questions. If objections are again raised, the trial court's order directed the attorneys to certify the objectionable question for the trial court to decide, at a later time, whether the answer should be stricken.
Certiorari should be granted when a discovery order departs from the essential requirements of the law, causing irreparable harm. Harley Shipbuilding Corp. v. Fast Cats Ferry Serv., LLC., 820 So.2d 445 (Fla. 2d DCA 2002). Because trade secrets are privileged, "their disclosure creates the potential for irreparable harm." 820 So.2d at 448. By ordering the claims adjuster to answer all questions, even those calling for trade secrets, the trial court has departed from the essential requirements of law. See Harley Shipbuilding Corp., 820 So.2d at 448. Therefore, we quash that portion of the order requiring the claims adjuster to answer a question that is objected to on grounds of trade secrets before the trial court determines whether Superior has a valid trade secret privilege to assert.
SALCINES and DAVIS, JJ., Concur.