ALTENBERND, Chief Judge.
Todd Grooms and his company, Trade-wind Designs, Inc., petition for a common law writ of certiorari. They seek to quash an order of the circuit court denying their motion for protective order and compelling them to produce certain proprietary information from their business to a competitor, Distinctive Cabinet Designs, Inc. This discovery order departs from the essential requirements of law by requiring Mr. Grooms and Tradewind Designs to disclose confidential commercial information that is not reasonably necessary to further Distinctive Cabinet Designs’ claims in this lawsuit at this time. Because the order causes a material injury to the petitioners throughout the remainder of the proceedings that cannot be remedied upon appeal of a final order, we grant the petition.
Todd Grooms was employed by Distinctive Cabinet Designs from January 1995 to May 2001. During the last year of his employment, a dispute arose between Mr. Grooms and Distinctive Cabinet Designs regarding Mr. Grooms’ commissions. According to Mr. Grooms’ complaint, although he had an employment contract with Distinctive Cabinet Designs, the parties mutually agreed to terminate the employment agreement. It is undisputed that neither that agreement nor any other contract between the parties prohibited Mr. Grooms from competing with Distinctive Cabinet Designs once he left its employ. In May 2001, Mr. Grooms left Distinctive Cabinet Designs and started his own business, Tradewind Designs.
Mr. Grooms brought suit against Distinctive Cabinet Designs on October 19, 2001, seeking to recover alleged unpaid commissions. Distinctive Cabinet Designs filed a counterclaim, alleging that Mr. Grooms had violated a common law duty of loyalty[1] by convincing customers to do business with him in his new business while he was still employed by Distinctive Cabinet Designs, and that Mr. Grooms had committed tortious interference with Distinctive Cabinet Designs’ business relationships by soliciting customers of Distinctive Cabinet Designs after he left that employment. Distinctive Cabinet Designs filed a third-party complaint against Mr. Grooms’ new company, Tradewind Designs, to impose a constructive trust on the proceeds of any transactions resulting from Mr. Grooms’ alleged tortious interference.
On November 16, 2001, Distinctive Cabinet Designs propounded a request for *654 document production. It requested documents from September 1, 2000, to November 16, 2001, including (1) all bids prepared by Tradewind Designs for the design or installation of cabinets; (2) any contracts between Tradewind Designs or Mr. Grooms and any third parties regarding the design or installation of cabinets; and (3) all job logs, diaries, or calendars maintained by Mr. Grooms.
Mr. Grooms and Tradewind Designs first objected to these requests on grounds that they “invaded privacy” by seeking information regarding finances and business practices not relevant to any valid claim asserted in the lawsuit. Mr. Grooms and Tradewind Designs then filed a motion for protective order. The motion specifically argued that these particular requests would require Mr. Grooms to divulge highly sensitive and important details of his business dealings with all of his customers, not just those with whom he had dealings before he left Distinctive Cabinet Designs’ employment. Mr. Grooms asserted that this information would reveal how he has positioned himself competitively by exposing all of the financial arrangements he has made with customers. Mr. Grooms and Tradewind Designs further contended that, in the absence of a noncompetition agreement, they had an absolute right to deal with customers of Distinctive Cabinet Designs so long as they did not engage in wrongful conduct such as procuring a breach of a contract between Distinctive Cabinet Designs and an existing customer.
At a hearing on this matter, Mr. Grooms and Tradewind Designs conceded that the production of all documents relating to events before the date Mr. Grooms terminated his employment with Distinctive Cabinet Designs was appropriate. Mr. Grooms and Tradewind Designs also agreed to give Distinctive Cabinet Designs their full customer list, specifying every current and former customer and the date on which Mr. Grooms or Tradewind Designs first communicated with each customer. However, Mr. Grooms and Trade-wind Designs sought a bifurcation of the remaining requests. They argued that the court should require Distinctive Cabinet Designs to show some connection between a particular customer and the allegations made by Distinctive Cabinet Designs in its complaint before compelling Mr. Grooms or Tradewind Designs to disclose all of the business records regarding that client.
The circuit court denied the motion for protective order. The circuit court accepted that Mr. Grooms and Tradewind Designs’ contracts, bids, job logs, diaries, and calendars were confidential commercial information that could merit a protective order. However, the circuit court concluded that the discovery was relevant and reasonably necessary to pursue the claims made in the lawsuit. The circuit court qualified its order by imposing confidentiality requirements that the documents could not be disclosed to third parties and should be used solely for the purposes of litigation.
Certiorari review is appropriate when a discovery order departs from the essential requirements of law, causing material injury to a petitioner throughout the remainder of the proceedings and effectively leaving no adequate remedy on appeal. Harley Shipbuilding Corp. v. Fast Cats Ferry Serv., LLC, 820 So.2d 445, 448 (Fla. 2d DCA 2002). Orders improperly requiring the disclosure of trade secrets or other proprietary information often create irreparable harm and are thus appropriate for certiorari review. Id.
Generally, a party may obtain discovery of any matter relevant to the subject matter of the pending action and reasonably calculated to lead to the discovery of admissible evidence, so long as that matter is *655 not subject to a specified privilege. Fla. R. Civ. P. 1.280(b)(1). However, a party from whom discovery is sought may seek a protective order to prevent or limit certain discovery to protect from “annoyance, embarrassment, oppression or undue burden or expense.” Fla. R. Civ. P. 1.280(c). Such a protective order may require “that a trade secret or other confidential research, development or commercial information not be disclosed or be disclosed only in a designated way.” Fla. R. Civ. P. 1.280(c)(7).
In this case, Distinctive Cabinet Designs has not disputed that Mr. Grooms and Tradewind Designs’ contracts, bids, job logs, diaries, and calendars are confidential commercial information. Thus, Mr. Grooms and Tradewind Designs should not be compelled to disclose more than is reasonably necessary for Distinctive Cabinet Designs to investigate and pursue its claims, and any disclosure should be carefully regulated to ensure no improper use of the information. See Inrecon v. Vill. Homes at Country Walk, 644 So.2d 103, 105 (Fla. 3d DCA 1994) (holding burden is on party seeking discovery of confidential commercial information to establish information is sufficiently relevant and necessary to case to outweigh harm disclosure would cause to opposing party).
Mr. Grooms and Tradewind Designs have agreed to provide a full list of their customers from both before and after Mr. Grooms left his employment with Distinctive Cabinet Designs. Under these circumstances, it is not reasonably necessary for Distinctive Cabinet Designs to also have all of the contracts, bids, and other commercial documents related to those customers absent some indication that the particular contact had some connection to Distinctive Cabinet Designs and therefore that the documents are relevant to the breach of loyalty or tortious interference claim. See Inrecon, 644 So.2d at 105 (noting that rule allowing party to request production is not designed to afford litigant avenue to pry into adversary’s business or to go on fishing expedition to uncover business methods, confidential relations, or other facts pertaining to business); Goodyear Tire & Rubber Co. v. Cooey, 359 So.2d 1200 (Fla. 1st DCA 1978) (reversing order permitting discovery of confidential commercial information that was overly broad and lacking in sufficient specificity, conditions, and safeguards); cf. Fortune Pers. Agency of Ft. Lauderdale, Inc. v. Sun Tech Inc. of S. Fla., 423 So.2d 545, 546 n. 6 (Fla. 4th DCA 1982) (stating, in context of trade secrets, that court must weigh importance of protecting claimant’s secret against interest in facilitating trial and promoting just end to litigation, considering other available protections and necessity of disclosure).
Requiring the disclosure of such information is particularly troublesome in this case because Mr. Grooms has no contractual duty to avoid competition with Distinctive Cabinet Designs. See East v. Aqua Gaming, Inc., 805 So.2d 932, 935 (Fla. 2d DCA 2001) (recognizing former employee’s right to compete with former employer in absence of noncompete agreement); Thomas v. Alloy Fasteners, Inc., 664 So.2d 59, 60 (Fla. 5th DCA 1995) (same). Mr. Grooms therefore has a compelling interest in protecting his confidential commercial information produced while he was engaged in legitimate competition with his former employer. In contrast, Distinctive Cabinet Designs’ interest in disclosure is limited to those documents related to specific clients of Distinctive Cabinet Designs whom Mr. Grooms may have solicited during his employment or whom Mr. Grooms may have convinced to breach contractual relationships with Distinctive Cabinet Designs.
*656 Compelling Mr. Grooms to disclose all of his proprietary information regarding every current and former customer to a direct competitor without first requiring Distinctive Cabinet Designs to establish a connection between a particular client and the issues raised in this litigation departs from the essential requirements of law and could irreparably damage Mr. Grooms’ business without legitimately addressing the issues within this litigation. We therefore grant the petition for writ of certiora-ri and quash the order denying Mr. Grooms and Tradewind Designs’ motion for protective order.
Petition for writ of certiorari granted.
FULMER and COVINGTON, JJ„ Concur.

. See, e.g., Ins. Field Servs., Inc. v. White & White Inspection & Audit Serv., Inc., 384 So.2d 303, 307-08 (Fla. 5th DCA 1980) (noting there is normally nothing improper with employee terminating employment and proceeding to compete with former employer, but recognizing common law duty not to engage in disloyal acts during ongoing employment in anticipation of future competition).