DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NIAGARA INDUSTRIES, INC.** and **RHEEM SALES COMPANY,**
Petitioners,

v.

**GIAQUINTO ELECTRIC LLC,** a Florida Limited Liability Company,
**GUARDIAN AMERICAN PROPERTIES, LLC,** f/k/a **GUARDIAN
AMERICAN RESIDENTIAL PROPERTIES OF BROWARD COUNTY,
LLC,** a Florida Limited Liability Company,
**H20 PLUMBING SERVICES, INC.,** a Florida Corporation,
**FUENMAYOR & LINDA ENTERPRISES, LLC,** d/b/a **ACE FLOOD &
INSPECTIONS, LLC,** a Florida Limited Liability Company,
**MARK BECKERMAN,** individually, and
**SCOTT WESLEY FRANK, Sr.,** individually,
Respondents.

No. 4D17-1473

[February 28, 2018]

Petition for writ of certiorari to the Circuit Court for the Seventeenth
Judicial Circuit, Broward County; Patti Englander-Henning, Judge; L.T.
Case No. CACE 16-11632 05.

Diane H. Tutt, Thomas J. McCausland, and Evan Roberts of Conroy
Simberg, Hollywood, for Petitioners.

Daniel M. Schwarz of Cole, Scott & Kissane, P.A., Plantation, for
Respondent H20 Plumbing Services, Inc.

Glen R. Goldsmith of Glen R. Goldsmith, P.A., Miami, for Respondent
Giaquinto Electric, LLC.

Armando P. Rubio of Fields Howell LLP, Miami, for Respondent
Guardian American Properties, LLC.

# ON MOTION FOR REHEARING AND/OR CLARIFICATION

Kuntz, J.

We deny Respondent, H20 Plumbing Services, Inc.'s motion for rehearing, grant the motion for clarification in part, withdraw our prior opinion, and issue this opinion in its place.

In this proceeding, the Petitioners—Niagara Industries, Inc. and Rheem Sales Company—challenge the second prong of the two-part test for disclosure of trade secrets. The issue before us is whether the production of material containing trade secrets was "reasonably necessary." We conclude the circuit court departed from the essential requirements of law when it ordered the Petitioners to disclose their trade secrets, because the party requesting the disclosure failed to present any evidence to establish that the production of the privileged information was reasonably necessary. We therefore quash the order.

## *Background*

Scott Wesley Frank, Sr. purchased a tankless water heater from Rheem Sales Company, and designed by Niagara Industries, Inc. At some point later, Mr. Frank experienced problems with the water heater and hired H20 Plumbing Services, Inc. While Mr. Frank's water heater was being repaired, it exploded, causing Mr. Frank physical injury. As a result of the injuries, he filed a four-count complaint against the Petitioners, asserting claims of negligence and strict liability against both.

During the pendency of Mr. Frank's lawsuit against the Petitioners, the court required them to disclose what they describe as "their confidential and highly confidential documents, including Niagara's trade secrets, relating to the manufacturing and testing of the subject tankless water heater." Pursuant to a protective order that permitted only certain people to view them, the Petitioners disclosed the documents. Testimony indicates the documents were disclosed to a total of four people. The case proceeded to a jury trial. One of the experts permitted to view the documents testified at the trial and, in this case, the circuit court stated that the expert "opined at trial that the product failed in an unreasonably safe manner." However, the parties dispute whether the actual documents were ever presented to the jury. Regardless, prior to the jury returning a verdict, the parties filed a stipulation of dismissal, which the court accepted. At the conclusion of the case, the previously-disclosed documents were returned to the Petitioners.

After the dismissal of the lawsuit against the Petitioners, Mr. Frank filed a new lawsuit against Giaquinto Electric, which he later amended to add claims against Guardian American Properties, LLC, H20 Plumbing Services, Inc., Fuenmayor & Linda Enterprises, LLC, and Mark Beckerman.

Guardian American Properties, LLC, one of the defendants in the second lawsuit, served a notice of production from non-parties and a subpoena duces tecum without deposition, indicating they intended to seek various documents from the Petitioners. Among the documents at issue were those contained in the seventy-ninth category of documents sought, which asked for those documents from Mr. Frank's first lawsuit: "Any and all documents received pursuant to any subpoenas and/or request for copies in the case Scott Wesley Frank v. Niagara Industries, Inc. and Rheem Sales, Case. No. CACE 15-002998 (03)." Later, H20 Plumbing, another defendant in the second lawsuit, served a notice of intent to subpoena similar information.

The Petitioners timely objected to the notices of production and the subpoenas. In their objections, they argued that: the documents contained trade secrets; the water heater's failure was not the result of a defectively-manufactured or defectively-designed product; and that Guardian and H20, the requesting parties, were merely on a "fishing expedition" to escape an incident resulting from its installation of the water heater.

The court held an evidentiary hearing on the Petitioners' objections. The only witness to testify at the hearing was the owner of Niagara Industries, who testified that the release of the trade secrets "would be devastating" to his company. He also answered questions regarding the Petitioners' belief as to the cause of the water heater's explosion. Guardian and H20 relied upon the arguments of its counsel and did not present any testimony or evidence on its behalf.

During the hearing, the court expressed concern that different parties from the two lawsuits would not have access to the same materials. The court drew this concern from the fact that it was "not sure . . . why all of the defendants weren't brought in on the first trial." With that in mind, at the conclusion of the hearing the court orally ruled as follows:

THE COURT: We're going to take it in some sort of baby steps.

First, the Court find[s] that it is indeed a trade secret.

Second, the Court finds that there's a reasonable necessity for [production] of some of the items because there is testimony that the product failed; there is no ability to test the specific heater in question. This is the exact case and issues of the product litigated before. That the Court finds really no other way regarding it that the parties that could have been even if not, should have been sued in the first trial would have had access to the information at that time. And it places all of the parties in a fair position to move forward.

The court subsequently issued a written order, specifying its previously stated reasons for the required production. The Petitioners now petition this Court for a writ of certiorari.

### *Analysis*

Subject to certain limitations, trade secrets are privileged from disclosure. § 90.506, Fla. Stat. (2017). An improper order piercing this privilege and requiring the disclosure of trade secrets may cause irreparable harm to the disclosing party and, in some cases, a person not even aware of the proceeding. Because the protected information will be known once disclosed, the harm sustained cannot be remedied on appeal. Therefore, our certiorari jurisdiction is properly invoked when a circuit court improperly requires the disclosure of trade secrets. *Cooper Tire & Rubber Co. v. Cabrera*, 112 So. 3d 731, 733 (Fla. 3d DCA 2013) (citing *Grooms v. Distinctive Cabinet Designs, Inc.*, 846 So. 2d 652 (Fla. 2d DCA 2003)).

When a party asserts that material is protected by the trade-secrets privilege, the court must conduct a two-step inquiry. First, the court must determine if the documents at issue are, in fact, trade secrets. Second, if the court concludes the documents are trade secrets, the burden shifts to the requesting party to show that the disclosure is reasonably necessary. *See, e.g., Am. Exp. Travel Related Services, Inc. v. Cruz*, 761 So. 2d 1206, 1208 (Fla. 4th DCA 2000)[1]; *Sea Coast Fire, Inc. v. Triangle Fire, Inc.*, 170 So. 3d 804, 809 (Fla. 3d DCA 2014).

Here, the court found the documents at issue were trade secrets. Therefore, the burden shifted to Guardian and H20 to establish that

---

[1] If the court finds the requesting party has shown the disclosure of privileged material is reasonably necessary, the court is required to make written findings and take adequate measures to protect the disclosing party, the parties to the case, and the interests of justice. *See* § 90.506, Fla. Stat. (2017).

4

disclosure was reasonably necessary.  However, the Petitioners were the only ones to present testimony or evidence, and their witness testified as to the devastating impact on its business if the documents were to be released and also provided the Petitioners' theory on the cause of the explosion.

The court departed from the essential requirements of the law when it compelled the production of the privileged documents based upon the two grounds which it stated.[2]  The court's reliance on the destruction of the specific tankless water heater at issue, without more, is insufficient. Guardian and H20 did not present any evidence to support the conclusion that the information lost due to the destruction of the specific tankless water heater could only be remedied through access to trade secrets.  They did not present evidence that the specific tankless water heater was necessary nor did they present evidence the purportedly necessary information could not be obtained by other means.  If the mere destruction of a product is sufficient to breach the privilege, the trade-secret privilege could be breached any time a lawsuit involves a product or item that was destroyed.  While it is possible the destruction of an actual item could justify requiring the disclosure of trade secrets, a party must present evidence or testimony to support that conclusion.  Here, they did not.

It is also insufficient to base the disclosure of the privileged documents on the prior lawsuit.  The court was clearly concerned with the fact that the plaintiff filed two separate lawsuits, stating: (i) "I still am not sure I completely understand why all of the defendants weren't brought in on the first trial"; (ii) "but had they all been in this first case"; (iii) "the Court finds really no other way regarding it that the parties that could have been even if not, should have been sued in the first trial"; and (iv) "And again, if all parties had been together at the first case."

We agree it may have been more efficient had the plaintiff chosen to bring all his claims in one lawsuit.  But, the mere existence of the first lawsuit, without more, is not sufficient to invade the trade-secret privilege. Further, the Petitioners—defendants in the first lawsuit, but non-parties in the proceedings below—cannot be blamed for a plaintiff's litigation strategy and choice of defendants.   Recognizing that fact, the court expounded on its concern and stated "I just don't understand why phase

---

[2] The court's subsequent written order included four grounds to support its conclusion.  However, the two additional findings in support can generally be grouped with the two findings provided at the hearing.  Therefore, for clarity, we reference two reasons throughout this opinion.

5

B of the same case and the same facts shouldn't have the same evidence."[3] However, again, the Petitioners cannot be faulted for this point. And, no party to this second lawsuit has the benefit of introducing evidence derived from the trade secrets at issue in the first lawsuit. Those materials were returned and the counsel that viewed them, under penalty of violating the court's order in the first lawsuit, cannot disclose the contents.

Finally, we note that in its motion for rehearing, H20 states that we overlooked the circuit court's written finding that, in the first trial, "Plaintiff's liability expert, Edward Brill, P.E., opined at trial that the product failed in an unreasonably safe manner, irrespective of" the plumber's actions. H20 argues that the expert in the first lawsuit had access to these protected documents prior to his testimony and "[i]t follows, therefore, that H20 and the defendants' experts need the same information to likewise opine that Niagara and Rheem bear all or some of the fault." A finding that the expert in the first trial opined regarding fault does not indicate how that expert arrived at that conclusion and it is not sufficient, on its own, to support a finding that the documents are necessary for a different expert to arrive at an independent opinion. At the hearing before the circuit court, counsel for the Petitioners argued that "[the Respondents] need to bring an expert in that says I've taken one of these apart, I've looked at whatever degree of Brill's testimony the[y] have, and I can't figure out without looking at X, Y, and Z." Should the Respondents do so to the satisfaction of the circuit court, nothing in this opinion would preclude the court from addressing a renewed motion to compel.[4]

### *Conclusion*

A party cannot obtain documents containing privileged trade secrets without establishing a reasonable necessity for breaching the privilege. Here, the court departed from the essential requirements of the law when it found the requesting party had established a reasonable necessity to breach the privilege, even though the requesting party had failed to present any evidence. We do not hold that a requesting party must always present

---

[3] We also note the court's mischaracterization of this second lawsuit. The court's reference to "Phase B" is inaccurate, as the two suits were separate, distinct lawsuits.

[4] We assume a renewed motion would be based upon facts and information not presently available to the movants. Further, we note the Respondents did not have access to the entirety of the transcript from the first trial. It appears the circuit court directed the Respondents be given access to that transcript and that ruling was not a part of this original proceeding.

evidence. However, by failing to do so they are at risk of being unable to overcome the testimony of the movant.

Once the burden shifts to the requesting party, the court weighs the need for producing the document against protecting its confidentiality. Here, the Petitioners' witness testified that disclosure would be devastating and also provided the Petitioners' theory on the cause of the explosion. The requesting party did not overcome this testimony or establish a specific need for the protected documents.

*Petition granted; order quashed.*

GROSS and TAYLOR, JJ., concur.

\*     \*     \*

***FINAL UPON RELEASE; NO MOTION FOR REHEARING WILL BE ENTERTAINED; MANDATE ISSUED SIMULTANEOUSLY WITH OPINION.***

7