DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

MHC CORTEZ VILLAGE, LLC,

Petitioner,

v.

CORTEZ ROAD INVESTMENTS AND FINANCE, INC.; CARL EDWARD
"SKIP" McPADDEN; CHARLES GILLIARD; CHRISTOPHER ROMEO;
DAVID DONATELLI; TERRENCE SHOCKLEY; DEBRA SHOCKLEY;
RICHARD OLPINSKI; RONALD CAPACCIO; MARGARET CAPACCIO;
WILLIAM ANDERSON; and SHERRI ANDERSON,

Respondents.

No. 2D2024-1834

_____

June 13, 2025

Petition for Writ of Certiorari to the Circuit Court for Manatee County; D.
Ryan Felix, Judge.

Garrett A. Tozier of Shutts & Bowen LLP, Tampa; Daniel E. Nordby of
Shutts & Bowen LLP, Tallahassee; and Matthew R. Chait and Devon A.
Woolard of Shutts & Bowen LLP, West Palm Beach, for Petitioner.

Susan Roeder Martin and Ivan J. Reich of Nason, Yeager, Gerson, Harris
& Fumero, P.A., Boca Raton, for Respondent Cortez Road Investments
and Finance, Inc.

No appearance by remaining Respondents.

BLACK, Judge.

MHC Cortez Village, LLC, seeks certiorari review of the circuit court's order granting in part the motion to compel responses to the request for production filed by Cortez Road Investments and Finance, Inc. We grant the petition.

The underlying litigation involves a dispute between property owners over access and ownership rights to a canal in Manatee County. MHC operates a marina on the property it owns adjacent to the canal. As relevant to this petition, Cortez Road filed suit against MHC for unlawful entry into the canal and unjust enrichment and sought production of documents to include a list of the names and addresses "of all individuals or entities who have a lease, agreement, or contract with [MHC] . . . for the storage, repair, maintenance, testing, or refueling of a water vessel." Various other requests included ancillary and related customer information. Finding MHC's responses and objections to the request for production inadequate, Cortez Road filed a motion to compel production. MHC filed a motion for protective order, contending that many of the documents requested were customer lists or similar trade secrets and therefore privileged against disclosure. At the time of the filing of the motion to compel, MHC was the only defendant in the lawsuit. Likewise, at the time of the filing of MHC's motion for protective order, as well as the date of the hearing on the motion to compel and motion for protective order, MHC was the only defendant.

At the hearing, Cortez Road stated, "The essence of the discovery that we're seeking, Your Honor, is the customers who have utilized [the marina] for leasing purposes, for fuel, and other services that go in and out and use the marina property." While acknowledging that MHC was the only defendant and that the claims against MHC were for unlawful

entry and unjust enrichment, Cortez Road argued that it needed the customer lists and everything ancillary thereto in order to identify trespassers for the purpose of amending the complaint but that the requested information would "go primarily to the calculation of damages and the number of violations that have occurred" with respect to the claims against MHC. Cortez Road provided no explanation for how identifying information for MHC's customers is necessary—or even relevant—to the number of violations or damage calculation. MHC argued that the names, addresses, and other identifying information for its customers are not relevant to the claims of unlawful entry and unjust enrichment; rather, only the number and frequency of vessels from the marina into the canal are relevant. MHC further argued that the request for customer lists and related information was a fishing expedition designed to harass the marina's customers.

In granting in part the motion to compel and denying in part the motion for protective order, the court required MHC to produce a list of the names and addresses "of all individuals or entities who have a lease, agreement, or contract with [MHC] . . . for the storage, repair, maintenance, testing, or refueling of a water vessel" for the period between May 1, 2021, and February 26, 2024. It also required production of additional documents that would identify MHC's customers, including the contract for purchase between MHC and the previous owner; the contracts between MHC and its customers; invoices for repairs, inspections, or maintenance associated with MHC's vessel repair facilities for vessels that entered or traversed the canal during the period from May 1, 2021, to February 26, 2024; all documents related to or demonstrating MHC's or MHC's customers' right(s) to use any portion

of the canal; and all documents concerning MHC directly placing vessels into the canal.

The circuit court rendered the order on review more than four months after the hearing on the motion to compel and motion for protective order. During that period, the court granted Cortez Road's motion for leave to file a second amended complaint. In its order granting in part the motion to compel and denying in part the motion for protective order, the court found that MHC's customer list is a trade secret and privileged against disclosure but that "by way of [the] Second Amended Complaint and Motion to Compel, [Cortez Road] has shown a reasonable necessity for the information."

In seeking certiorari review, MHC contends that its customer lists are trade secrets and unnecessary to the claims raised in the complaint that was operative at the time the motion to compel was filed. It further contends that the circuit court's failure to require Cortez Road to prove necessity and the court's failure to make specific findings of necessity are departures from the essential requirements of the law.

"Certiorari review 'is appropriate when a discovery order departs from the essential requirements of law, causing material injury to a petitioner throughout the remainder of the proceedings below and effectively leaving no adequate remedy on appeal.' " *Ameritrust Ins. v. O'Donnell Landscapes, Inc.*, 899 So. 2d 1205, 1207 (Fla. 2d DCA 2005) (quoting *Allstate Ins. v. Langston*, 655 So. 2d 91, 94 (Fla. 1995)). "Orders improperly requiring the disclosure of trade secrets or other proprietary information often create irreparable harm and are thus appropriate for certiorari review." *Grooms v. Distinctive Cabinet Designs, Inc.*, 846 So. 2d 652, 654 (Fla. 2d DCA 2003) (citing *Harley Shipbuilding Corp. v. Fast Cats Ferry Serv., LLC*, 820 So. 2d 445, 448 (Fla. 2d DCA 2002)); *see also*

4

*Ameritrust Ins.*, 899 So. 2d at 1207 ("We have jurisdiction for certiorari review in this case because the disclosure of trade secrets creates the potential for irreparable harm.").

"When trade secret privilege is asserted as the basis for resisting production, the trial court must determine whether the requested production constitutes a trade secret; if so, the court must require the party seeking production to show reasonable necessity for the requested materials." *Rare Coin-It, Inc. v. I.J.E., Inc.*, 625 So. 2d 1277, 1278-79 (Fla. 3d DCA 1993) (first citing *Gen. Hotel & Rest. Supply Corp. v. Skipper*, 514 So. 2d 1158 (Fla. 2d DCA 1987); then citing *E. Cement Corp. v. Dep't of Env't Regul.*, 512 So. 2d 264 (Fla. 1st DCA 1987); and then citing *Goodyear Tire & Rubber Co. v. Cooey*, 359 So. 2d 1200 (Fla. 1st DCA 1978)). "If production is then ordered, the court must set forth its findings." *Id.* (first citing *Gen. Hotel*, 514 So. 2d at 1159; and then citing *E. Cement*, 512 So. 2d at 266). "Unsurprisingly, this test sets a high burden for a requesting party to force an objecting party to disclose its trade secrets." *Gulfcoast Spine Inst., LLC v. Walker*, 313 So. 3d 854, 859 (Fla. 2d DCA 2021).

As to the first prong, Cortez Road did not dispute that the requested production constitutes trade secrets. As to the second prong, Cortez Road argued only relevancy in its motion to compel and at the hearing. Cortez Road did not argue reasonable necessity, and the trial court did not require Cortez Road to establish reasonable necessity. *See Niagara Indus., Inc. v. Giaquinto Elec. LLC*, 238 So. 3d 840, 844-45 (Fla. 4th DCA 2018) ("A party cannot obtain documents containing privileged trade secrets without establishing a reasonable necessity for breaching the privilege. Here, the court departed from the essential requirements of the law when it found the requesting party had established a reasonable

necessity to breach the privilege, even though the requesting party had failed to present any evidence."); *cf. Gulfcoast Spine Inst.*, 313 So. 3d at 859 (explaining that the party seeking disclosure of trade secrets "fundamentally failed to establish the second prong" where it did not "attempt[] to show a reasonable necessity").  The circuit court departed from the essential requirements of the law by not requiring Cortez Road to establish the necessity of the trade secrets sought to be produced to the claims at issue in the motion to compel.[1]  *See Grooms*, 846 So. 2d at 656 (concluding that compelling disclosure of trade secrets "without first requiring Distinctive Cabinet Designs to establish a connection between a particular client and the issues raised in this litigation departs from the essential requirements of law"); *Gen. Hotel & Rest. Supply Corp.*, 514 So. 2d at 1159 ("If the court found the materials were trade secrets, it failed to require the respondent to show the reasonable necessity for such items." (citing *Goodyear Tire & Rubber Co.*, 359 So. 2d at 1203)); *cf. Sea Coast Fire, Inc. v. Triangle Fire, Inc.*, 170 So. 3d 804, 809 (Fla. 3d DCA 2014) ("Once a party has demonstrated that the information sought

---

[1] The second amended complaint, filed after the motion to compel and the hearing, does not cure the error.  The court must require the party seeking to compel production of the trade secrets to show their reasonable necessity to the claims at issue.  Here, the circuit court must require Cortez Road to establish that the customer lists—as opposed to the number and frequency of vessels from the marina into the canal—are reasonably necessary to its claims.  The claims added in the second amended complaint were not at issue in the motion to compel; moreover, the second amended complaint does not address the customer list and ancillary information compelled to be produced or the necessity of such documents.  *See Va. Elecs. & Lighting Corp. v. Koester,* 714 So. 2d 1164, 1165 (Fla. 1st DCA 1998) (holding that proponent of disclosure of trade secrets must establish trade secrets are "reasonably necessary to resolve *the issues in dispute*" (emphasis added)).

6

is a trade secret, the burden shifts to the party seeking discovery to demonstrate reasonable necessity for production. . . .  In this regard, a trial court generally cannot rely on arguments of counsel alone." (first citing *Sci. Games, Inc. v. Dittler Bros., Inc.*, 586 So. 2d 1128, 1131 (Fla. 1st DCA 1991); and then citing *Beck v. Dumas*, 709 So. 2d 601, 603 (Fla. 4th DCA 1998))).

Further, the court failed to set forth findings of fact supporting its general statement that Cortez Road established the reasonable necessity of the trade secrets.  "If the court orders disclosure, it must make findings to support its determination."  *Bright House Networks, LLC v. Cassidy*, 129 So. 3d 501, 506 (Fla. 2d DCA 2014) (citing *Ameritrust Ins.*, 899 So. 2d at 1207).  The failure "to set forth findings of fact supporting a conclusion that disclosure of the trade secrets is reasonably necessary to resolve the issues in dispute . . . constitutes a material departure from the essential requirements of law."  *Va. Elecs. & Lighting Corp. v. Koester*, 714 So. 2d 1164, 1164-65 (Fla. 1st DCA 1998); *see also McDonald's Rests. of Fla., Inc. v. Doe*, 87 So. 3d 791, 795 (Fla. 2d DCA 2012) (granting petition for writ of certiorari where trial court's "order was deficient in that it failed to specify findings to support its determination that Ms. Doe demonstrated reasonable necessity for production despite the existence of trade secrets").

The petition for writ of certiorari is granted.  The order granting in part the motion to compel and denying in part the motion for protective order is quashed to the extent that it requires production of trade secrets.

Petition granted.

SILBERMAN and ATKINSON, JJ., Concur.

_____

Opinion subject to revision prior to official publication.