OTT, Chief Judge.
The decedent’s will devised his entire estate to his second wife and in the event she predeceased him to appellees, the children of the decedent and his second wife.[1] The decedent died from a gunshot wound inflicted by his second wife. She pled guilty to second degree murder. The trial court found that by operation of section 732.802, Florida Statutes (1981), the decedent’s entire estate would pass to appellees. Appellants, a half brother, brother, and children of the decedent and his first wife, argue that the decedent’s property should be dis *465 tributed in accordance with the laws of intestate succession.[2] We affirm.
Section 732.802[3] provides:
Murderer
A person convicted of the murder of a decedent shall not be entitled to inherit from the decedent or to take any part of his estate as a devisee. The part of the decedent’s estate to which the murderer would otherwise be entitled shall pass to the persons entitled to it as though the murderer had died during the lifetime of the decedent.
Appellants argue that a condition precedent to the bequest to appellees has not occurred, that being the natural death of the second wife. Appellants argue that the “statutory” death of the decedent’s second wife does not fulfill the condition precedent, therefore, the conditional bequest to appellees must fail.
Although we find no case wherein this argument is discussed, the statute itself is clear. The decedent’s estate “shall pass as though the murderer [the second wife] had died during the lifetime of [the] decedent.” Id. Appellees are entitled to the entire estate under the will. The decision of the trial court is AFFIRMED.
HOBSON and SCHEB, JJ., concur.

. Appellee Jay B. Fairweather was the natural child of the decedent and his second wife. The remaining appellees were children of the second wife adopted by the decedent.

. See § 732.1Ó1, et seq., Fla.Stat. (1981).

. This statute was amended by chapter 82-71, section 1, Laws of Florida, effective April 2, 1982. The decedent died prior to the effective date of the amendment.