468 So.2d 528 (1985)
Erika M. ANDERSON, Appellant,
v.
Kathleen K. ANDERSON, Appellee.
Nos. 83-1131, 83-1861 and 84-1470.
District Court of Appeal of Florida, Third District.
May 14, 1985.
*529 Holland & Knight and Boyce F. Ezell, III, Paul M. Bauch, Miami, and Julian D. Clarkson, Tallahassee, for appellant.
Joe N. Unger, Miami, Ira B. Price, South Miami, for appellee.
Before BARKDULL, HENDRY and FERGUSON, JJ.
HENDRY, Judge.
Erika Anderson, the decedent's mother, filed these consolidated appeals from a final order of the trial court dismissing her petition to remove Kathleen Anderson, the decedent's widow, as personal representative *530 of the decedent's estate[1] and assessing attorney's fees against appellant under sections 57.105 and 733.609, Florida Statutes (1983). Finding no error in the trial court's actions, we affirm.
We note at the outset that appellant is convinced in her own mind that appellee/widow was responsible for the murder of Lance Anderson. It is that settled belief which forms the basis for the petition for removal and for all of the issues raised here on appeal. Appellant asserts: 1. that appellee's interest in the estate of her deceased husband is subject to forfeiture because of her unlawful and intentional participation in his death, and 2. that the survivors have a wrongful death action against appellee, which action can only be brought by the personal representative of the estate. As a factual matter, however, the record is clear that appellee was not even considered to be a suspect in her husband's death, and, therefore, obviously was not charged with nor convicted of, his murder.
This fact is relevant because at the time of the decedent's murder, the statute dealing with forfeiture, section 732.802, Florida Statutes (1981), stated in relevant part: "A person convicted of the murder of a decedent shall not be entitled to inherit from the decedent or to take any part of his estate as a devisee." (e.s.). Some months after the decedent's murder, section 732.802 was amended substantially and added, inter alia, subsection 5:
A final judgment of conviction of murder in any degree is conclusive for purposes of this section. In the absence of a conviction of murder in any degree, the court may determine by the greater weight of the evidence whether the killing was unlawful and intentional for purposes of this section.
§ 732.802(5), Fla. Stat. (Supp. 1982). Appellant argues strenuously that the newly amended section 732.802 can be applied retroactively to the date of the decedent's murder because: 1. no substantive rights are affected (i.e., a murderer had no right to take under either the law existing at the time of decedent's murder or the amended statute), and 2. the change in how one is determined to be a murderer is simply procedural, a mere change in the burden of proof.
It is well settled that in the absence of an express legislative declaration that a statute have retroactive effect, the statute will be deemed to operate prospectively only, and that even a clear legislative expression of retroactivity will be ignored by the courts if the statute impairs vested rights, creates new obligations, or imposes new penalties. State v. Lavazzoli, 434 So.2d 321 (Fla. 1983); American Cast Iron Pipe Co. v. Foote Brothers Corp., 458 So.2d 409 (Fla. 4th DCA 1984); Senfeld v. Bank of Nova Scotia Trust Co., 450 So.2d 1157 (Fla. 3d DCA 1984); Rothermel v. Florida Parole & Probation Commission, 441 So.2d 663 (Fla. 1st DCA 1983). Under this formulation, the statute at bar may not be applied retroactively. The amended statute alters previously held rights. Under the old statute, a person had to be convicted of murder in a criminal proceeding before he could be divested of his right to inherit through a will or through the laws of intestacy. Certain property could still be inherited even if a person was convicted of murdering the decedent. The amended statute substitutes an entirely new system in place of the old procedure, with widely expanded consequences. It materially alters the procedure by which an heir may be named a murderer and be forced to defend his right to inherit, by shifting from a criminal proceeding, with *531 all of the attendant protections, to a probate proceeding, with a civil preponderance of the evidence standard.[2] The new system is privately initiated and puts at risk every heir of a decedent who dies in mysterious or criminal circumstances. Furthermore, we note that the Second District Court of Appeal has twice refused to apply the amended statute retroactively, Nunez v. Gonzalez, 456 So.2d 1336, 1337 n. 2 (Fla. 2d DCA 1984); McPhee v. Fairweather, 444 So.2d 464, 465 n. 3 (Fla. 2d DCA 1983), rev. denied, 451 So.2d 849 (Fla. 1984), and neither shall we. Therefore, we find that appellee's right to inherit was fixed by the statute in effect on the decedent's date of death. Since that statute required a criminal conviction of murder before the heir forfeited his or her right to inherit, the condition precedent has not been (and cannot be) met herein. Thus the trial court properly dismissed the petition for her removal as personal representative.
Appellant's other issues on appeal are equally without merit. Appellant argues that the estate and the remaining heirs have a wrongful death action against appellee, which action must be brought by the personal representative only. Since appellee is the personal representative, appellant asserts that appellee has an interest adverse to that of the estate and for that reason must be removed as the personal representative. However, under Florida's Wrongful Death Act, sections 768.16-768.27, Florida Statutes (1983), the personal representative can maintain an action for wrongful death only if the decedent could have maintained such an action. §§ 768.19, 768.20, Fla. Stat. (1983). Assuming arguendo that appellee murdered her husband, any action by him would be barred by the doctrine of interspousal immunity for intentional torts. Hill v. Hill, 415 So.2d 20 (Fla. 1982). There are no waivers of the doctrine available under either the statutory exception, Burgess v. Burgess, 447 So.2d 220 (Fla. 1984), or the insurance coverage exception, Dressler v. Tubbs, 435 So.2d 792 (Fla. 1983). Similarly, the minor child is barred by the doctrine of interfamily (parent/child) immunity for intentional torts from filing a wrongful death action against appellee. Ard v. Ard, 414 So.2d 1066 (Fla. 1982) (limited waiver of interfamily immunity where insurance coverage available).
Appellant asserts that she, as the decedent's mother, is a "survivor" under section 768.18(1) and is, therefore, entitled to have the personal representative bring a wrongful death action on her behalf. We have no way of evaluating this assertion since appellant made no showing of any damages compensable under the statute as the parent of an adult child who left a surviving spouse and a lineal descendant.
Turning to the second appeal filed in this cause, the trial court assessed attorney's fees in the amount of $4,700 against appellant pursuant to section 733.609, Florida Statutes (1983) for the Petition for Removal of Personal Representative and for the Petition for Removal of Personal Representative Pendente Lite and assessed attorney's fees pursuant to section 57.105, Florida Statutes (1983) for the Petition for Removal of Personal Representative Pendente Lite and for the objection to the proposed loan agreement. (See note 1.) The trial court entered an extensive order which specifically found that appellant failed to substantiate her allegations with regard to the Petition for Removal of Personal Representative Pendente Lite; that is, that appellee was guilty of misfeasance, malfeasance, and non-feasance in the operation of the *532 family business, and that she failed to present any justiciable issue of law or fact in connection with her objection to the proposed loan agreement.
We find that attorney's fees should not have been assessed for the Petition for Removal of Personal Representative because appellant did present an issue which touches upon an area of the law which is not quite settled. We find also that attorney's fees should not have been assessed against the appellant personally for the Petition for Removal of Personal Representative Pendente Lite. While this was an unsuccessful challenge to the proper exercise of the personal representative's powers under section 733.609 for which fees and costs will lie, the estate should be assessed for the attorney's fees. Dayton v. Conger, 448 So.2d 609 (Fla. 3d DCA 1984). Furthermore, fees could be awarded on the basis of section 57.105 for the objection to the proposed loan agreement because the trial court made the requisite record finding of a complete absence of a justiciable issue raised by appellant. Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla. 1982); Wright v. Acierno, 437 So.2d 242 (Fla. 5th DCA 1983). However, since the trial court did not break down the fee award into its three component parts, we cannot determine how much of the award was allocated to the loan agreement. Therefore, we reverse the award of attorney's fees in its entirety.
Affirmed in part; reversed in part.
NOTES
[1] Appellant filed a second petition against appellee entitled "Petition for Appointment of Personal Representative Pendente Lite" which alleged that appellee was guilty of misfeasance, malfeasance, and non-feasance in the operation of the family business which was a major asset of the estate. Appellant also filed an objection to a proposed loan agreement. The court on its own motion appointed a guardian ad litem to represent the interests of the minor child. Based on the guardian's report, the court dismissed the petition and the objection for failure to present any justiciable issue of law or fact. These dismissals are not challenged on appeal, except as to the imposition of attorney's fees, discussed infra.
[2] This court has discussed the amended statute without noting any potential constitutional infirmities. Prudential Insurance Co. v. Baitinger, 452 So.2d 140 (Fla. 3d DCA 1984). Other courts have refused to enforce criminal penalties imposed after a civil proceeding. See, e.g., Sedima, S.P.R.L. v. Imrex Co., 741 F.2d 482 (2d Cir.1984), wherein the Second Circuit Court of Appeals refused to uphold a finding that defendant was liable for criminal penalties under the federal RICO statute, 18 U.S.C. §§ 1961-1968 (1970), without first being convicted in a criminal proceeding. The United States Supreme Court has granted certiorari, ___ U.S. ___, 105 S.Ct. 901, 83 L.Ed.2d 917 (1985), with this issue as the number one question presented for review.