PER CURIAM.
Alisabeth Baker, by and through her natural guardian, parent, and next best friend, Laura Baker, (hereinafter “Baker”), has filed a petition for writ of certiorari asserting that the trial court departed from the essential requirements of law when it granted Eek-erd’s pretrial motion to compel discovery and denied Baker’s related motion for protective order. We have determined that the petition should be granted in part.
The underlying case in this matter is Baker’s action for damages against Eckerd Corporation and Eckerd pharmacist, Robert Simmons. In 1991, Simmons allegedly mislabeled a prescription or dispensed improper medication which caused injury to the child, including brain damage. During the discovery process, Eckerd sought all records from the Florida Department of Health and Rehabilitative Services referring to the child. In a motion to compel the production of these documents, Eckerd asserted there were occasions when HRS removed the child from her parents’ home due to substance abuse and physical abuse. Further, records indicated that the child was kicked in the head by a horse sometime after 1991, and had numerous surgeries upon her brain. Eckerd claimed that, given the allegations of brain damage, information concerning any trauma to the child’s head or other abuse which might relate to causation of her injuries was necessary. Baker objected to such production. The trial court granted the motion to compel and denied Baker’s motion for protective order, holding that pursuant to section 415.51(5), Florida Statutes (1995), all records relating to the child were to be produced by HRS.
The standard of review for a petition for writ of certiorari is whether the trial court departed from the essential requirements of law. In the case of an order regarding discovery, the trial court has broad discretion. Only when an order allowing discovery constitutes an abuse of discretion which would cause irreparable damage should the ruling be set aside. See American Southern Co. v. Tinter, Inc., 565 So.2d 891 (Fla. 3d DCA 1990); Lorei v. Smith, 464 *972 So.2d 1330 (Fla. 2d DCA), review denied, 475 So.2d 695 (Fla.1985).
We hold that the trial court has abused its discretion because it did not consider the privacy protections of section 415.51(2), Florida Statutes (1990). The protection afforded by the statute is applicable to any unfounded reports of child abuse during the time period of June 11, 1990, through the effective date of the amendment to the statute, September 30,1995. See Ch. 90-50, § 8, at 119, Laws of Fla.; Ch. 95-228, § 46, at 2054, Laws of Fla.
The broad language within section 415.51(5)[1] granting the authority to the court to order the disclosure of all records and reports of HRS’s “child protection team,” does not override the separate and express privacy protections for unfounded reports established in the 1990 version of section 415.51(2). See Cebrian v. Klein, 614 So.2d 1209, 1212 (Fla. 4th DCA 1993). These protections were in effect until the 1995 amendment eliminated the shield. The elimination of the protection for unfounded reports of child abuse applies prospectively from the effective date of the 1995 amendment to the statute. See Ch. 95-228, § 64, at 2076, Laws of Fla.; See, e.g., Anderson v. Anderson, 468 So.2d 528, 530-31 (Fla. 3d DCA ), review denied, 476 So.2d 672 (Fla.1985).
Accordingly, the petition is granted to the extent that the trial court has ordered production of all records of any nature whatsoever concerning and referring to the child. That portion of the trial court order is hereby quashed. On remand, the trial court shall grant the motion to compel, except for the production of any unfounded reports of child abuse during the period of time from June 11, 1990, through September 30, 1995, if any. In all other respects, the petition is denied.
The petition is granted in part, denied in part, and remanded for further proceedings as instructed in this opinion.
SCHOONOVER, A.C.J., and LAZZARA and WHATLEY, JJ., concur.

. Formerly § 415.51(10), Fla. Slat. (1993), which was formerly § 415.51(11), Fla. Stat. (1991).