899 So.2d 1205 (2005)
AMERITRUST INSURANCE CORPORATION, Petitioner,
v.
O'DONNELL LANDSCAPES, INC.; Gulfshore Insurance, Inc.; and Brad A. Havemeier, Respondents.
No. 2D04-5167.
District Court of Appeal of Florida, Second District.
April 15, 2005.
*1206 Joel W. Walters and Thomas C. Valentine of Walters Levine Brown Klingensmith & Thomison, P.A., Sarasota, for Petitioner.
Jeffrey D. Kottkamp of Henderson, Franklin, Starnes & Holt, P.A., Fort Myers, for Respondents.
WALLACE, Judge.
Ameritrust Insurance Corporation (Ameritrust) petitions this court for a writ of certiorari to quash a trial court order compelling it to disclose information that Ameritrust claims is protected by the trade secret privilege. The trial court ordered Ameritrust to make the disclosure without first conducting an in camera inspection or making appropriate findings of fact. For these reasons, we conclude that the trial court's order departed from the essential requirements of law, causing material injury to Ameritrust for which there is no adequate remedy on appeal. Thus we grant the petition and quash the challenged order.
O'Donnell Landscapes, Inc. (O'Donnell), the plaintiff in the trial court, purchased workers' compensation insurance from Ameritrust, the defendant, through Gulfshore Insurance, Inc., an independent insurance agency, and Brad A. Havemeier, an independent insurance agent employed by Gulfshore (collectively referred to as Gulfshore). Shortly thereafter, Ameritrust and O'Donnell entered into a Preferred Cash Flow Plan (the Plan). Under the Plan, O'Donnell would be eligible to receive dividends if it had a favorable loss history. O'Donnell subsequently sued Ameritrust under several legal theories for nonpayment of the anticipated dividends. Among the allegations in O'Donnell's complaint was a claim that Gulfshore, acting as an agent for Ameritrust, had intentionally or negligently misrepresented the terms and conditions of the Plan. Ameritrust filed a third-party complaint for indemnity against Gulfshore.
The issue presented by Ameritrust's petition arose after Gulfshore served its "Interrogatories Combined with Request for Admissions and Request to Produce" on Ameritrust. In pertinent part, this document requested that Ameritrust:
7. Set forth the names, addresses, and telephone numbers of any and all individuals or entities insured by Ameritrust, utilizing the Preferred Cash Flow Plan during the years 1996, 1997 and 1998. (During arbitration counsel represented that there were 49, 68, and 75 policyholders for each of the respective years.)
8. Produce copies of any and all contracts for insurance between the individuals or entities identified in the preceding paragraph and Ameritrust for insureds paying premiums in excess of $100,000 per year.
9. Set forth the name, address, and telephone number of each and every individual or entity receiving a policyholder dividend from Ameritrust pursuant to any workers' compensation insurance plan from 1996 through 2001.
10. Produce copies of any and all correspondence to individuals or entities insured utilizing Ameritrust's Preferred Cash Flow Plan from 1996 through 2001 referencing, discussing, or explaining the calculation, payment, or non-payment of a policyholder dividend.
In its response, Ameritrust objected to paragraphs 7, 8, 9, and 10 "as calling for the disclosure of information that is confidential, proprietary and which would involve *1207 the disclosure of [Ameritrust's] customer list." Ameritrust also moved for a protective order with respect to paragraphs 7, 8, 9, and 10, asserting the confidential and proprietary nature of the information requested and various other grounds.
At a hearing on its motion for protective order, Ameritrust's counsel claimed that the information requested by Gulfshore was a protected "trade secret." Ameritrust's counsel argued further that Gulfshore had not demonstrated any necessity for the disclosure of the requested information to overcome the trade secret privilege. Finally, Ameritrust's counsel suggested to the trial court the advisability of an in camera inspection of the requested information to determine whether it contained trade secrets.
At the conclusion of the hearing, the trial court denied Ameritrust's motion in part by requiring it to provide the requested information and documents. The trial court did not conduct an in camera review of the requested information. Moreover, the trial court did not make any findings relative to whether the requested information included trade secrets and the reasonable necessity, if any, for its production. The trial court did grant Ameritrust's motion in part by ordering the parties to keep the information and documentation provided confidential and restricting its disclosure to those directly involved in the litigation.
Certiorari review "is appropriate when a discovery order departs from the essential requirements of law, causing material injury to a petitioner throughout the remainder of the proceedings below and effectively leaving no adequate remedy on appeal." Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla.1995). We have jurisdiction for certiorari review in this case because the disclosure of trade secrets creates the potential for irreparable harm. See Salick Health Care, Inc. v. Spunberg, 722 So.2d 944 (Fla. 4th DCA 1998); Rare Coin-It, Inc. v. I.J.E., Inc., 625 So.2d 1277 (Fla. 3d DCA 1993). Because we have jurisdiction, we turn our attention to whether the trial court departed from the essential requirements of the law.
Pursuant to section 90.506, Florida Statutes (2004), a party has a privilege to refuse to disclose a trade secret if the allowance of the privilege will not conceal fraud or create injustice. When the trade secret privilege is asserted as the basis for resisting production, a court must determine: (1) whether the requested production constitutes a trade secret and, if so, (2) whether the party seeking production can show reasonable necessity for the requested information. Sheridan Healthcorp, Inc. v. Total Health Choice, Inc., 770 So.2d 221 (Fla. 3d DCA 2000); Am. Express Travel Related Servs. v. Cruz, 761 So.2d 1206 (Fla. 4th DCA 2000). The first determination will usually require the court to conduct an in camera inspection of the materials to determine whether they contain trade secrets. Salick Health Care, 722 So.2d at 946; Uniroyal Goodrich Tire Co. v. Eddings, 673 So.2d 131, 132 (Fla. 4th DCA 1996); Rare Coin-It, 625 So.2d at 1278-79. Even if production is ordered, a court must set forth its pertinent findings. Sheridan Healthcorp, 770 So.2d at 222.
In this case, the trial court departed from the essential requirements of the law by ordering production of information and documents claimed to be protected by the trade secret privilege without conducting an in camera inspection and making the necessary findings of fact. See Harley Shipbuilding Corp. v. Fast Cats Ferry Serv., 820 So.2d 445, 448 (Fla. 2d DCA 2002); Sheridan Healthcorp, 770 So.2d at *1208 222-23; Am. Express, 761 So.2d at 1209; Salick Health Care, 722 So.2d at 947. Accordingly, we grant Ameritrust's petition, and we quash the order compelling the production of information and documents claimed to be privileged. On remand, the trial court shall conduct an in camera inspection and make the necessary findings discussed above.
Petition granted; order quashed.
NORTHCUTT and SILBERMAN, JJ., Concur.