ON MOTION FOR REHEARING

Warner, J.
We grant appellants’ motion for rehearing and clarification, vacate our prior opinion, and substitute the following in its place.
Robert Willson, Carl Ferrero, and OR Investment of Okeechobee, Inc., appeal a *362 final judgment for breach of contract, slander of title, and cancellation of notes and mortgages, as well as denying their claims for unjust enrichment. The court had originally ruled in their favor on some of the counts but reversed itself on a motion for rehearing by considering evidence it had excluded during trial. We conclude that in doing so, the court erred. We reverse and remand for a new trial on damages on the counts alleging breach of contract and slander of title.
Big Lake Partners, LLC, was a group of investors, mostly residing out of state, who were developing land in a community in Okeechobee called Palm Creek. Willson was retained to manage the development in 2000. He signed an operating agreement which delineated his managerial powers. Article IX, section 9.2 of the agreement contained limitations on his powers as manager, including limiting the power to “[ijncur indebtedness for borrowed money in excess of $5000” and limiting the power to “[pjlace a mortgage or other lien on the assets of the Company.” Willson hired Ferrero as the construction manager for the project. The development continually had problems and did not generate much in the way of sales. Willson complained that the investors did not respond to calls for working capital, but the investors never saw any profit from the sales that were made. In 2006, Willson and Ferrero made “deposits” to the company, which they referred to as loans, all in excess of the $5,000 limitation in the operating agreement. When it appeared that the relationship between Willson and the investors was souring, Willson executed mortgages on the property to secure his and Ferre-ro’s loans.
After Willson resigned, the investors took over the operation and discovered the executed mortgages, which caused a delay in further sales. They also discovered other expenses and what they deemed irregularities in Willson’s operation of the development, including excessive expenditures and commissions paid to Willson in excess of his compensation agreement.
Big Lake filed suit against Willson, Fer-rero, and CR Investments in 2008. Counts 1 and 2 sought rescission of mortgages (in favor of CR Investments and Ferrero) which secured the alleged notes, because the mortgages had not been authorized. Count 3 sought damages for Willson’s breach of the agreement. Count 4 alleged slander of title. Count 5 alleged breach of fiduciary duty against Willson. Willson, Ferrero, and CR Investments filed a counterclaim and amended counterclaim. Counts 1 and 2 sought foreclosure of the mortgages. Counts 3 and 4 were claims for money lent ($123,342.90 for CR Investment and $40,000 for Ferrero). Counts 5 and 6 sought damages in equity for unjust enrichment based on the loans. Count 7 was for indemnification.
The court held a lengthy trial on all issues. Big Lake’s main witness was its forensic accountant, Mikel Spraker. He testified regarding the misuse of funds by Willson, including damages of lost profits on sales lost due to the mortgages placed on the property by Willson and Ferrero. The accountant started to testify that in 2008, 2009, and 2010, there were no sales because of the improper mortgages clouding the title. But when Big Lake’s counsel asked the accountant if these mortgages hindered the sale of the property, defense counsel objected that this was speculative. The court sustained the objection. Plaintiffs’ counsel then asked the accountant if he was able to analyze sales that occurred in other subdivisions in Okeechobee County. Defense counsel objected that this was also too speculative. The court overruled the objection and allowed the testimony. The accountant then testified that from *363 2001 to 2006 there were forty-three home sales in a nearby development called Blue Heron. He then compared Blue Heron’s sales to Big Lake’s sales.
At this point, defense counsel objected again, stating that “these opinions” were not contained in the expert’s report. Counsel had not been on notice that the accountant was going to testify “about this,” and asked that the testimony be stricken and the accountant not be allowed to go further. The court asked why it was not disclosed, and Big Lake admitted that it was something that the accountant had just looked at in preparation for trial. The court asked defense counsel if he had a comparable witness. Defense counsel admitted that he did not. The court determined that while the accountant could proffer his testimony, the court would not consider it because of the late disclosure. Big Lake then proffered the accountant’s testimony that Big Lake had sold ten fewer homes than Blue Heron, and that Big Lake’s historical average gross profit was $16,528 per house, which would have constituted lost profits of $165,280.
The defense then put on its case, which mainly consisted of Willson’s testimony regarding his efforts to develop the property and the difficulties he had getting the investors to provide monies. He related that he and Ferrero had loaned the company substantial sums.
After trial, the court entered an order making findings of fact and conclusions of law. The court found that the operating agreement prohibited Willson from encumbering the development with the mortgages, and the court cancelled both the notes and mortgages. It reviewed the various items of damage, as testified to by the accountant, but found that no damages had been proven. As to the counts for breach of contract and slander of title based upon the recorded mortgages, the court found that no damages were proven because of the exclusion of the expert’s untimely report. It also found for the plaintiffs on other claims but found no damages. As to the defense counterclaims, the court ruled that Ferrero had loaned $40,000 to Big Lake, and that CR Investments had loaned $100,000 to fund construction and paid $23,342.90 to satisfy an IRS obligation. The court found for the defendants on their claims for unjust enrichment, determining that $38,800 was owed to Ferrero, $20,400 to Willson, and $86,642 to CR Investments.
The parties moved for rehearing, and the court eventually entered an amended final order which substantially changed the prior rulings with respect to damages for breach of contract and unjust enrichment. The court at length explained what the accountant had testified to with respect to lot sales and noted that defense counsel had not objected until after the accountant had presented substantial evidence on the losses. When defense counsel did object and move to strike, the court found that it had simply granted the objection to forthcoming testimony regarding the dollar amount but it did not strike the testimony already presented. The court pieced together from various statements made by the accountant that the expert’s testimony was not a prejudicial surprise and should have been admitted. The trial court then used the expert’s calculations from his previously-excluded report to determine that Big Lake had suffered $165,280 in losses as a result of the breach of contract and slander of title created by the recorded mortgages. It awarded $165,280 on the breach of contract count. To avoid double recovery, it awarded $1 on the slander of title count, as the measure of damages for the two counts was the same. On the counterclaim, the court reversed itself and de *364 termined that the evidence did not support a finding of unjust enrichment.
Willson, Ferrero, and CR Investments moved for rehearing of the amended judgment, arguing that the trial court’s abrupt change of its mid-trial ruling to admitting the accountant’s proffered evidence of lost profits was error and prejudicial to them. They contended that they had not presented evidence or argument regarding lost profits based on the court’s earlier ruling. Big Lake responded in opposition. The trial court denied rehearing of the amended judgment, prompting this appeal.
Although they have raised numerous issues, we find only one merits reversal. Appellants argue that the trial court denied them due process by abruptly changing its earlier trial ruling. The court had ruled mid-trial that it would exclude the accountant’s testimony regarding the amount of damages. Four-and-a-half months after the end of the trial, the court reversed itself, admitted the proffered testimony regarding lost profits, and awarded appellees damages based upon it, Appellants argued in their motion for rehearing that had they known the evidence was going to be admitted, they would have offered evidence to refute it.
The admission or exclusion of evidence is generally governed by the abuse of discretion standard. Blanco v. State, 452 So.2d 520, 523 (Fla. 1984), receded from on other grounds, Puglisi v. State, 112 So.3d 1196 (Fla. 2013); Trees v. K-Mart Corp., 467 So.2d 401, 403 (Fla. 4th DCA 1985). The trial court abused its discretion in reversing itself on rehearing and, in essence, admitting the excluded evidence without providing for a new hearing on damages.
Binger v. King Pest Control, 401 So.2d 1310 (Fla. 1981), eschews trial by ambush where an opposing party suffers prejudice. “Prejudice in this sense refers to the surprise in fact of the objecting party, and it is not dependent on the adverse nature of the testimony.” Id, at 1314. In this case, the trial court adhered to that principle by refusing to consider the portions of the report which were not divulged to defense counsel until the day of trial. However, on rehearing, contrary to that principle, the court admitted the excluded evidence without considering the “surprise in fact” to the defense by doing so. Id. The court failed to consider the defense’s ability to cure the prejudice. See id. (“Other factors which may enter into the trial court’s exercise of discretion are: (i) the objecting party’s ability to cure the prejudice or, similarly, his independent knowledge of the existence of the witness”).
By excluding the testimony at trial, the court lulled the defense into a position where it did not present evidence on damages for the breach of contract and slander of title counts. Although in its order on rehearing, the court noted that it had not stricken the testimony preceding the defense objection, the record is not so clear as to what was being excluded by the court. The defense objected to “these opinions” which were only recently formed, and the court asked if the defense had a comparable witness, to which the defense responded negatively. The court then stated that the opinion could be proffered but would not be considered. When the court made its first findings of fact, it believed that the entire opinion had been stricken and awarded no damages. Thus, it was also reasonable for the defense to believe that the court had ruled that it was not considering the accountant’s entire testimony with respect to the lost profit damages.
Appellants rely on Garcia v. Emerson Electric Co., 677 So.2d 20 (Fla. 3d DCA 1996), which provides an analogous situation. The Garcias sued a ladder manu *365 facturer for injuries suffered in a fall from the ladder. Id. at 20. They deposed a defense expert who had not yet completed all of his tests. Id. After the deposition, the expert sent the Garcias’ attorney videotapes of the completed tests which could not be reviewed by Garcia’s expert until the day trial began. Id. at 20-21. Prior to commencement, the trial court ruled that the videos of the tests which were not received until the day of trial would be excluded. Id. at 21. However, during the trial, after the Garcias had completed their presentation of evidence, the court reversed its earlier ruling and allowed the admission of the videotaped evidence. Id. The Garcias asked that their expert be allowed in the courtroom to hear the testimony so that he could respond but the judge denied that request also. Id. The Garcias argued on appeal that their expert could not respond to the additional testing. Id. The Third District reversed, ruling that the trial court abused its discretion by changing its ruling midway through trial. Id. It relied on Gran v. Branham, 626 So.2d 1059, 1061 (Fla. 4th DCA 1993), in which this Court noted: “It is not enough that the defendant simply know what a witness may say before he testifies. Prejudice also exists by the fact that appellant is unable to counter the offered testimony.” Thus, Garcia stands for the proposition that a mid- or post-trial change in the admission of evidence is an abuse of discretion where the affected party is prejudiced and unable to counter the offered testimony. That is exactly what occurred here.
While the trial court may have concluded that it erred in excluding the evidence, the remedy should have been a new trial on damages on that issue. That way the defense could counter the newly-admitted testimony. The court should not have simply considered the excluded evidence and reached a different result based upon that evidence without giving the defense the opportunity to present its own evidence on the issue.
As to the court’s denial of appellants’ claim for unjust enrichment, we find no error in the court’s final ruling. The court concluded that Willson and Ferrero had not proved their claim. The elements of a cause of action for unjust enrichment are:
1) the plaintiff has conferred a benefit on the defendant; 2) the defendant has knowledge of the benefit; 3) the defendant has accepted or retained the benefit conferred; and 4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair value for it.
Della Ratta v. Della Ratta, 927 So.2d 1055, 1059 (Fla. 4th DCA 2006). The court found that appellants had failed to prove elements two through four. Because there was competent substantial evidence to support its findings, we affirm. We also affirm on the remaining issues raised without further comment.
Accordingly, we affirm the final judgment, except for the award of damages for breach of contract and slander of title. We reverse for a new trial on damages on those counts.
May, J., and Artau, Edward L., Associate Judge, concur.