SALARIO, Judge. Darlene Keller, Bradford Bennett (Mr. Bennett), and Primrose ■ Solutions, LLC, seek certiorari review of an order denying motions for protective order filed by Ms. Keller and Mr. Bennett. The motions sought protection from subpoenas asking that Ms, Keller and Mr. Bennett provide testimony and produce documents relating to Primrose, their , employer. For the following reasons, we. grant the petition in part and deny it in part. - In the underlying litigation, a plaintiff named Todd Bennett, Mr. Bennett’s brother, sued his former employer and related entities (collectively, Healthcare-IQ) for breach of an employment contract. Health-eare-IQ filed counterclaims centered on allegations that Todd Bennett took trade secret information from it to assist Primrose, a new and direct competitor of Healthcare-IQ. Healthcare-IQ served subpoenas for depositions and the production of documents on Ms. Keller and Mr. Bennett that sought, among.other things, documents relating to Primrose and its business. Ms. Keller and Mr, Bennett each filed a motion for protective order that asserted, as relevant here, that the subpoenas (1) improperly sought discovery as to allegations that are barred from assertion in this action by res judicata and (2) improperly sought disclosure of trade secrets and confidential commercial information belonging to Primrose. After a hearing at which no evidence was taken and no oral findings were expressed, the trial court denied those motions in a written order that did not delineate between the various claims for protection and made no additional findings in regard to those claims. To obtain certiorari relief from a discovery order, the' petitioners must show “(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on a post-judgment appeal.”[1] Plantz v. John, 170 So.3d 822, 824 (Fla. 2d DCA 2015) (quoting Williams v. Oken, 62 So.3d 1129, 1132 (Fla. 2011)). The last two elements are jurisdictional and must be considered first. Williams, 62 So.3d at 1132. The jurisdictional prongs of the certiorari test are satisfied here. The petitioners have made a sufficient and unre-butted showing for purposes of invoking our jurisdiction that the trial court’s order, if left undisturbed, would require, the unprotected disclosure of trade secrets and confidential commercial information relating to Primrose. This kind of injury is sufficient to satisfy the jurisdictional elements of the certiorari test. See, e.g., Bright House Networks, LLC v. Cassidy, 129 So.3d 501, 505 (Fla. 2d DCA 2014) (“Orders improperly requiring the disclosure of trade secrets or other proprietary information often, create irreparable harm and are thus appropriate for certiorari review.” (quoting Grooms v. Distinctive Cabinet Designs, Inc., 846 So.2d 652, 654 (Fla. 2d DCA 2003))); Ameritrust Ins. Corp. v. O’Donnell Landscapes, Inc., 899 So.2d 1205, 1207 (Fla. 2d DCA 2005) (“We have jurisdiction for certiorari review in this case because the disclosure of trade secrets creates the potential for irreparable harm.”). “Similarly, ‘an order that entitles a party to carte blanche discovery of irrelevant material demonstrates the type of irreparable harm that may be remedied via petition for writ of certiorari.’ ” Harborside Healthcare, LLC v. Jacobson, 222 So.3d 612, 615 (Fla. 2d DCA 2017) (quoting Root v. Balfour Beatty Constr. LLC, 132 So.3d 867, 869 (Fla. 2d DCA 2014)). Thus, to the extent that the petitioners argue that the trial court’s order allowed carte blanche discovery of a wide swath of information related to matters conclusively resolved in prior federal litigation, they have alleged irreparable harm. We therefore consider whether the trial court departed from.the essential requirements of law in denying the motions for protective order. Insofar as the petitioners contend that the trial court improperly allowed discovery on allegations that are barred by res judicata, we find no such departure. In the underlying litigation, Todd Bennett filed a motion to dismiss Healthcare-IQ’s counterclaims on res judicata grounds, which has been denied, and asserted res judicata as an affirmative defense in his answer. The petitioners have cited no authority—and we are aware of none—that supports the proposition that a party’s assertion of a defense of res judi-cata requires a trial judge to put third-party discovery on ice. Unable to make that assertion, the petitioners’ argument is really that there should be no discovery from them because Todd Bennett has a good res judicata defense that the trial court will ultimately be compelled to uphold on the merits.[2] But deciding whether a claimant’s discovery should be delayed or denied pending a decision on a party’s defense is classically suited to the discretion of the trial judge based on the facts and circumstances of the case. See Deltona Corp. v. Bailey, 336 So.2d 1163, 1169 (Fla. 1976) (quoting Hollywood, Inc. v. Broward County, 90 So.2d 47, 47-48 (Fla. 1956)); Elsner v. E-Commerce Coffee Club, 126 So.3d 1261, 1264 (Fla. 4th DCA 2013). Here, the res judicata defense is hotly contested by the parties, with legally reasonable arguments having been made in support of their respective positions. Moreover, on the facts of this case, even a successful res judicata defense would not moot the subpoenas entirely; it would result only in limiting the subpoenas to the extent they trench on matters to which the defense applies. Under these circumstances, we cannot say that the trial court abused its discretion by allowing discovery from Ms. Keller and Mr. Bennett to go forward, and we thus cannot find a departure from' the essential requirements of law. See Baker ex rel. Baker v. Eckerd Corp., 697 So.2d 970, 971 (Fla. 2d DCA 1997) (holding that in a certiorari proceeding to review a discovery order, “[o]nly when an order allowing discovery constitutes an abuse of discretion which would cause irreparable damage should the ruling be set aside”). The petitioners’ argument concerning Primrose’s alleged trade secrets, however, is a different kettle of fish. The Florida Evidence Code provides a privilege against the compelled disclosure of trade secrets, stating as follows: A person has a privilege to refuse to disclose, and to prevent other persons from disclosing, a trade secret owned by that person if the allowance of the privilege will not conceal fraud or otherwise work injustice. When the court directs disclosure, it shall take 'the protective measures that the interests of the holder of the privilege, the interests of the parties, and the furtherance of justice require. The privilege may be claimed by the person br the person’s agent or employee. § 90.506, Fla. Stat. (2016). When someone objects to the disclosure of an alleged trade secret, the trial court is required to make two basic inquiries. See generally, Bright House Networks, 129 So.3d at 505-06. First, it has to decide, whether the information requested really is a trade secret subject to the privilege—an exercise that most often requires the trial court to review it in camera. Id. at 505; accord Ameritrust, 899 So.2d at 1207. Second, if the trial court finds that the information is a trade secret, it must then decide whether there is a reasonable necessity for the requesting party to have the information.- Ameritrust, 899 So.2d at 1207. If the trial court orders disclosure, it must make findings to support its decision. Bright House Networks, 129 So.3d at 506. And if it fails to follow these procedures before requiring disclosure of trade secrets, it departs from the essential requirements of law. Id.; see also Ameritrust, 899 So.2d at 1207. For that reason, the trial court departed from the essential requirements of law here. As employees of Primrose, Ms. Keller and Mr. Bennett were entitled to assert the trade secret privilege on Primrose’s behalf under section 90.506, They did so. The court did not, however, determine whether the information sought was trade secret, did not make an in- camera inspection to the extent one might be required, and did not determine whether there was a reasonable necessity for disclosure. As a result, we are compelled by our precedents to grant the petition on the trade secret privilege argument. See Bright House Networks, 129 So.3d at 506; Ameritrust, 899 So.2d at 1208. Going forward, we note that if the trial court ultimately decides to require the production of trade secret information, it will also need to consider whether safeguards are .required to prevent the unnecessary dissemination of that information. See Summitbridge Nat’l Invests. LLC v. 1221 Palm Harbor, L.L.C., 67 So.3d 448, 451 (Fla. 2d DCA 2011). Accordingly, we grant the petition to the extent that the trial court failed to conduct the required analysis of the claim of trade secret privilege, deny it insofar as the petitioners argue that the discovery should have been limited in light of Mr. Bennett’s res judicata defense, and quash the order denying the motions for protective order. Petition granted in part and denied in part; order quashed. MORRIS and BLACK, JJ., Concur. . We are concerned that Primrose may not be entitled to participate in this proceeding because, although it knew about the litigation and the subpoenas to Ms. Keller and Mr. Bennett, it did not try to appear in the trial court to protect its interests before the trial court rendered the order on review. We need not decide that issue, however, because we grant relief only with respect to the alleged trade secrets objection—an objection which, as we explain in the text, Ms. Keller and Mr. Bennett are entitled to assert on Primrose’s behalf. See § 90.506, Fla. Stat. (2016). So even if we were to dismiss Primrose from this proceeding, we would be ordering the same relief it has requested. . It is at least questionable, then, whether the issues related to the merits defense of Todd Bennett can be asserted by third parties like Ms. Keller and Mr. Bennett. Nevertheless, Healthcare-IQ has not challenged the parties on that basis here, and these third parties at least arguably have the right to seek a protective order based on the undue burden of producing-such discovery under Florida Rule of Civil Procedure 1.280(c). Based on our conclusion regarding the lack of a departure in regard to the res judicata arguments, we need not further address this question.