DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CLEVELAND CLINIC FLORIDA (A NONPROFIT CORPORATION)**,
a Florida nonprofit corporation,
Appellant,

v.

**CHILDREN'S CANCER CARING CENTER, INC.**,
a Florida nonprofit corporation,
Appellee.

No. 4D18-1222

[May 29, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Mily Rodriguez Powell, Judge; L.T. Case No. 062013CA008166AXXXCE.

Ronald Rosengarten of Greenberg Traurig, P.A., Miami, for appellant.

Myles G. Cypen of Myles G. Cypen, P.A., Fort Lauderdale, for appellee.

KUNTZ, J.

After a bench trial, the circuit court entered judgment for Children's Cancer Caring Center, Inc. ("CCCC"), on CCCC's claim of unjust enrichment. Cleveland Clinic Florida appeals, arguing the unjust enrichment claim was barred by the statute of limitations and the doctrine of laches. We agree with Cleveland Clinic that the claim was barred by the statute of limitations and reverse the judgment. Our reversal renders moot the other issues Cleveland Clinic raises on appeal.

**Background**

CCCC sued Cleveland Clinic for unjust enrichment, alleging that it made multiple donations to Cleveland Clinic designated for specific purposes. CCCC designated two $100,000 donations, one in January 1996 and a second in October 1996, for Cleveland Clinic to use on the construction of a pediatric oncology inpatient and outpatient treatment and research center in a new Weston facility. CCCC made a third

$100,000 donation in March 1997 and designated the third donation for Cleveland Clinic to establish an endowed chair in pediatric oncology.

Since CCCC's inception, it was affiliated with the University of Miami at Jackson Memorial Hospital. CCCC alleged that Cleveland Clinic induced it to terminate its affiliation with Jackson and begin the parties' own affiliation so that Cleveland Clinic could build the new Weston facility and treat CCCC's sponsored patients there.

CCCC alleged that it made these donations to advance the planned affiliation. Although Cleveland Clinic acknowledged restrictions on some donations, there was no express written contract governing the use of the funds.

But in May 1997, shortly after CCCC made the donations, Cleveland Clinic entered into a cooperation and settlement agreement with the State of Florida and other parties. In the settlement agreement, Cleveland Clinic agreed that it would not provide inpatient pediatric services "within a distinct or designated pediatric unit" at the new Weston facility for eight years after the Weston facility began accepting patients. CCCC learned of the settlement agreement around May or June 1997, after it made the three donations.

This new Weston facility opened in 2001, and the eight-year restriction period expired in 2009. But when the restriction period expired, Cleveland Clinic lacked enough funds to develop a free-standing cancer center or dedicate space for CCCC in the Weston facility as the parties purportedly had agreed. As a result, Cleveland Clinic terminated the parties' affiliation on April 1, 2009.

Even if it could have built a free-standing cancer center in 2009, Cleveland Clinic had already spent the money CCCC donated. Cleveland Clinic used the donations to create a pediatric oncology wing in the existing Fort Lauderdale hospital and fund the salaries of the oncology staff. CCCC even referred patients to the newly created oncology wing. The testimony at trial showed that Cleveland Clinic used the entirety of CCCC's donations by December 2000. The evidence also established that CCCC was first aware sometime between 1997 and 2000 that Cleveland Clinic used the donations.

Ten to thirteen years later, in 2010, CCCC demanded the return of the 1996 and 1997 donations. Ultimately, CCCC sued for unjust enrichment on March 27, 2013.

2

After a bench trial, the circuit court entered judgment for CCCC. The court awarded CCCC prejudgment interest calculated from 1996 and 1997, the dates on which CCCC gave the checks to Cleveland Clinic. Cleveland Clinic appeals the court's judgment.

## Analysis

Cleveland Clinic appeals the circuit court judgment for CCCC on CCCC's claim for unjust enrichment. "An action for 'unjust enrichment' exists to prevent the wrongful retention of a benefit . . . in violation of good conscience and fundamental principles of justice or equity." *Henry M. Butler, Inc. v. Trizec Props., Inc.*, 524 So. 2d 710, 711 (Fla. 2d DCA 1988) (citations omitted). To prevail on an unjust enrichment claim, the plaintiff must satisfy these four elements:

> 1) the plaintiff has conferred a benefit on the defendant; 2) the defendant has knowledge of the benefit; 3) the defendant has accepted or retained the benefit conferred; and 4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair value for it.

*Willson v. Big Lake Partners, LLC*, 211 So. 3d 360, 365 (Fla. 4th DCA 2017) (quoting *Della Ratta v. Della Ratta*, 927 So. 2d 1055, 1059 (Fla. 4th DCA 2006)).

Although challenged by Cleveland Clinic on appeal, we do not address whether CCCC satisfied the four elements of a claim for unjust enrichment. Instead, we focus on Cleveland Clinic's affirmative defense that CCCC's claim was barred by the statute of limitations.

We review the circuit court's determination that CCCC's claims were not barred by the statute of limitations de novo. *See Fox v. Madsen*, 12 So. 3d 1261, 1262 (Fla. 4th DCA 2009) (quoting *Hamilton v. Tanner*, 962 So. 2d 997, 1000 (Fla. 2d DCA 2007)).

And both parties agree that the statute of limitations for a claim of unjust enrichment is four years. *See* § 95.11(3)(k), Fla. Stat. (2013) (providing a four-year statute of limitations for a "legal or equitable action on a contract, obligation, or liability not founded on a written instrument . . .."); *see also Beltran v. Vincent P. Miraglia, M.D., P.A.*, 125 So. 3d 855, 859 (Fla. 4th DCA 2013).

So we must determine when the statute of limitations began to run. Generally, the limitations period begins to run "from the time the cause of

3

action accrues," § 95.031, Fla. Stat. (2013), which is "when the last element constituting the cause of action occurs," § 95.031(1), Fla. Stat. More specifically, for a claim of unjust enrichment, the limitations period "generally begin[s] to run upon the occurrence of the event that created the uncompensated benefit in the defendant, i.e., the plaintiff performed the labor that benefited the defendant or the defendant obtained the subject property or goods." *Beltran*, 125 So. 3d at 859 (citations omitted).

The circuit court rejected Cleveland Clinic's statute of limitations defense, relying on two facts: (1) Cleveland Clinic billed CCCC for all services provided to CCCC's sponsored children, and CCCC paid for those services; and (2) there was no specific build-out of a free-standing building at the Fort Lauderdale hospital. We agree with Cleveland Clinic that these facts are not relevant to the statute of limitations defense.

Cleveland Clinic argues the period began to run in 1996 to 1997, or December 2000 at the latest, when the uncompensated benefit of improperly spending the three donations occurred. But CCCC argues that the period did not begin to run until April 1, 2009, when Cleveland Clinic terminated its affiliation with CCCC. CCCC asserts that even though Cleveland Clinic misused the donations, Cleveland Clinic could have accomplished the purpose of the donations until it severed the parties' affiliation. CCCC argues the statute of limitations did not begin to run as long as there was some hope or expectation that Cleveland Clinic would eventually provide designated space for CCCC to use at the Weston facility.

Accepting CCCC's position requires us to completely sever the alleged uncompensated benefit from the unjust enrichment claim. But a cause of action for unjust enrichment accrues "when the last element constituting the cause of action occurs," which would have been when Cleveland Clinic accepted or retained the benefit conferred—i.e., misspent the donations. *See* § 95.031(1), Fla. Stat.; *see also Willson*, 211 So. 3d at 365.

At the latest, CCCC knew in 2000 that Cleveland Clinic used the entirety of the donations for purposes other than it had designated. So, the cause of action accrued, at the latest, in 2000. Based on the accrual of the cause of action in 2000, the statute of limitations expired in 2004. *See* § 95.11(3)(k), Fla. Stat. As a result, CCCC's lawsuit filed in 2013 was barred by the statute of limitations.

## Conclusion

A four-year statute of limitations applies to claims for unjust enrichment. Yet CCCC filed its lawsuit asserting an unjust enrichment claim thirteen years after the cause of action accrued. That claim was time barred. The circuit court's judgment for CCCC is reversed, and the case is remanded for the entry of judgment for Cleveland Clinic.

*Reversed and remanded.*

MAY and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

5