# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

GCTC HOLDINGS, LLC,

Petitioner,

v.

TAG QSR, LLC; GULF COAST PITA, LLC d/b/a PITA PIT; RALPH C. ANZIVINO; and MARY JO ANZIVINO,

Respondents.

No. 2D21-3457

_____

September 9, 2022

Petition for Writ of Certiorari to the Circuit Court for Lee County; James Shenko, Judge.

Julia Kapusta and Courtney L. Fernald of Englander Fischer, St. Petersburg, for Petitioner.

Kelli A. Edson, Julia M. Wischmeier, and Gabriela N. Timis of Quarles & Brady, LLP, Tampa, for Respondents.

MORRIS, Chief Judge.

GCTC Holdings, LLC, seeks a writ of certiorari to quash the

trial court's order granting Tag QSR, LLC; Gulf Coast Pita LLC

d/b/a Pita Pit; and Ralph C. and Mary Jo Anzivino's (the Respondents) motion for reconsideration of an order sustaining GCTC's objection to a request for production. We conclude that in granting the motion, the trial court departed from the essential requirements of law resulting in material injury that cannot be remedied on appeal. Therefore we grant the petition.

BACKGROUND

GCTC is the owner of a commercial shopping center. The Respondents Tag QSR, LLC, and Gulf Coast Pita LLC d/b/a Pita Pit LLC had a commercial lease with GCTC, and the Anzivinos were the guarantors of the lease. The underlying dispute involved GCTC's complaint for eviction and monetary damages, including claims against the Anzivinos, after the Respondents defaulted on their lease. The Respondents raised several affirmative defenses including that GCTC was required to ensure that the shopping center remained fully leased. The Respondents also filed a counterclaim seeking damages for constructive eviction and breach of the covenant of quiet enjoyment. During discovery, the Respondents sought, among other things, GCTC's monthly rent

2

rolls as they related to the other tenants of the shopping center. Specifically, request for production #15 sought

> [m]onthly rent rolls of Gulf Coast Town Center from the inception of GCTC's ownership to February 1, 2020, identifying the specific leased units by tenant name, location, square footage, and amounts billed and monies collected for each unit by month, and identifying the vacant units, including square footage of each vacant unit.

GCTC objected to this request, arguing that it was overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence and further arguing that "it calls for privileged and confidential trade secret information." The Respondents then filed a motion to compel, which was denied after a hearing on the basis of overbreadth. The trial court made no finding related to GCTC's assertion of trade secret privilege.

Thereafter, the Respondents filed a motion for reconsideration as to request #15, arguing that the information they sought was readily available to GCTC because it was contained in all of the various leases between GCTC and the other tenants. Aside from the request for the leases, the Respondents asked for "any records showing when tenants vacated leased premises during the few years' time span." The Respondents maintained that the

3

information was critical to their defense and counterclaim and that without it they would be unable to present relevant evidence of the vacancy rate change in the shopping center during their tenancy. The Respondents asked the court to order production of the leases "with appropriate redactions to preserve privacy," along with "any records showing when a tenant vacated leased premises, again, with appropriate privacy redactions." Without holding a hearing, the trial court granted the motion, requiring GCTC to provide the leases with redactions to protect the tenants' privacy. No provision was included permitting GCTC to make redactions to protect its own privacy. This certiorari proceeding follows.

## ANALYSIS

"[C]ertiorari is appropriate when a discovery order departs from the essential requirements of law, causing material injury to a petitioner throughout the remainder of the proceedings below and effectively leaving no adequate remedy on appeal." *Allstate Ins. Co. v. Langston*, 655 So. 2d 91, 94 (Fla. 1995) (citing *Martin-Johnson, Inc. v. Savage*, 509 So. 2d 1097, 1099 (Fla. 1987)). And discovery of certain kinds of information, like material protected by privilege such as trade secrets, can result in irreparable harm. *Id.*; *see also*

4

*Brinkmann v. Petro Welt Trading Ges.M.B.H.*, 324 So. 3d 574, 577-78 (Fla. 2d DCA 2021).

Trade secrets are privileged pursuant to section 90.506, Florida Statutes (2019). "To ensure that this privilege is properly protected, courts have set forth a three-step analysis for trial courts to undertake when faced with a claim that a discovery request seeks the production of protected trade secret information." *Lewis Tree Serv., Inc. v. Asplundh Tree Expert, LLC*, 311 So. 3d 206, 210 (Fla. 2d DCA 2020). "In the first step, the trial court must determine whether the information requested constitutes or contains trade secret information." *Id.* "This step will usually—but not always—require the court to conduct an *in camera* review of the documents to determine whether, in fact, they contain trade secret information." *Id.* at 210-11 (citing *Ameritrust Ins. Corp. v. O'Donnell Landscapes, Inc.*, 899 So. 2d 1205, 1207 (Fla. 2d DCA 2005)); *see also Brinkmann*, 324 So. 3d at 578 ("When parties dispute that documents are protected under certain statutory provisions, the proper course is for the trial court to conduct an in-camera inspection to determine if the requested documents are discoverable." (quoting *E. Bay NC, LLC v. Estate of Djadjich*, 273 So.

5

3d 1141, 1144 (Fla. 2d DCA 2019))); *Bright House Networks, LLC v. Cassidy*, 129 So. 3d 501, 505 (Fla. 2d DCA 2014) (noting that determination of whether requested information contains trade secrets usually requires an in camera review). If the trial court determines that the information is a trade secret, then it must determine "whether the party seeking production can show reasonable necessity for the requested information." *Lewis Tree Serv., Inc.*, 311 So. 3d at 211 (quoting *O'Donnell Landscapes, Inc.*, 899 So. 2d at 1207); *see also Cassidy*, 129 So. 3d at 505. This includes consideration of whether the requesting party's need for the documents outweighs the other's party's interest in maintaining the confidentiality of the documents; this is a fact-specific inquiry. *Lewis Tree Serv., Inc.*, 311 So. 3d at 211. "Finally, if the court determines that there is a reasonable necessity for production of trade secret information, the third step requires the court to determine what safeguards, such as a confidentiality order, should be put in place to properly protect that information." *Id.; see also Cassidy*, 129 So. 3d at 506.

"If the trial court orders disclosure, it must make findings to support its determination." *Cassidy*, 129 So. 3d at 506 (citing

6

*O'Donnell Landscapes, Inc.*, 899 So. 2d at 1207). "A trial court 'may

. . . depart from the essential requirements of law when it "requires

production of documents—without explanation—despite objections

that statutory protections apply." ' " *Brinkmann*, 324 So. 3d at 578

(quoting *E. Bay NC, LLC*, 273 So. 3d at 1144); *see also Harborside*

*Healthcare, LLC v. Jacobson*, 222 So. 3d 612, 616 (Fla. 2d DCA

2017). "That is, where the trial court fails to specifically address

whether claimed statutory privileges apply, leaving this court 'to

guess at the basis for the discovery of each document' and as to

whether the trial court even considered the objection, certiorari

relief may be warranted." *Brinkmann*, 324 So. 3d at 578 (quoting *E.*

*Bay NC, LLC*, 273 So. 3d at 1144); *see also Jacobson*, 222 So. 3d at

616. "This is because detailed findings on the issue of privilege 'are

necessary for meaningful appellate review.' " *Brinkmann*, 324 So. 3d

at 578 (quoting *Nemours Found. v. Arroyo*, 262 So. 3d 208, 211 (Fla.

5th DCA 2018)).

This court has repeatedly granted petitions for writ of

certiorari where a trial court skips the first step—conducting the in

camera review—and fails to make findings in its order regarding

whether the requested information constitutes a trade secret or

whether the requesting party has demonstrated a necessity to overcome the claim of privilege. *See, e.g., Brinkmann,* 324 So. 3d at 578-80; *Cassidy,* 129 So. 3d at 506; *Summitbridge Nat'l Invs. LLC v. 1221 Palm Harbor, L.L.C.,* 67 So. 3d 448, 450-51 (Fla. 2d DCA 2011); *O'Donnell Landscapes, Inc.,* 899 So. 2d at 1207-08.[1]

Here, no in camera review was ever conducted, the trial court never determined whether the requested information constituted trade secrets or whether the Respondents had demonstrated a sufficient necessity for the documents, and the trial court's order contained no findings relating to GCTC's claim of trade secret privilege. GCTC has clearly established a departure from the essential requirements of the law.

Turning to the issue of irreparable harm, the Respondents suggest that this court may determine, as a matter of law, whether

---

[1] Other districts likewise recognize that ordinarily an in camera review or evidentiary hearing must be conducted in order to determine whether the requested information constitutes a trade secret. *See Sea Coast Fire, Inc. v. Triangle Fire, Inc.,* 170 So. 3d 804, 808 (Fla. 3d DCA 2014); *Salick Health Care, Inc. v. Spunberg,* 722 So. 2d 944, 946 (Fla. 4th DCA 1998). Other districts also acknowledge the necessity for a trial court to make findings in orders of production following assertions of privilege. *See Sea Coast Fire, Inc.,* 170 So. 3d at 809; *Rare Coin-It, Inc. v. I.J.E., Inc.,* 625 So. 2d 1277, 1279 (Fla. 3d DCA 1993).

the requested documents constitute a trade secret. Were this court to determine that the trade secret privilege did not apply, then there would be no irreparable harm. However, the issue of whether requested information constitutes a trade secret generally "can be determined only after an *in camera* review," *Lewis Tree Serv., Inc.*, 311 So. 3d at 212, and it "must be decided by the trial court in the first instance," *Brinkmann*, 324 So. 3d at 579 n.4. Thus the irreparable harm component of our certiorari analysis cannot be resolved on this basis.

Furthermore, the fact that the trial court's order permits GCTC to redact information does not preclude us from determining that GCTC established irreparable harm. Notably, the order only permits redactions to protect <u>tenants' privacy</u>. The order says nothing about allowing GCTC to make redactions to protect any privileged confidential business information, that is, trade secrets. This is undoubtedly the result of the trial court's failure to conduct an in camera review and failure to rule on GCTC's assertion of the trade secret privilege. By requiring GCTC to produce the leases without first conducting an in camera review, without making any findings related to the issue of trade secret privilege and the

9

respondent's necessity for the documents, and without including any safeguards to ensure protection of any trade secrets contained in the leases, the trial court departed from the essential requirements of the law resulting in material harm to GCTC that cannot be remedied on appeal. Certiorari is therefore appropriate.[2]

Petition granted; order quashed.

KHOUZAM and ROTHSTEIN-YOUAKIM, JJ., Concur.

_____

Opinion subject to revision prior to official publication.

_____

[2] We note that the Respondents' request for copies of the leases was made for the first time in the motion for reconsideration, and contrary to their assertion, that request is potentially broader in scope than their initial request for the monthly rent rolls. Arguably, GCTC was not afforded due process because it was not provided with the opportunity to present argument about the new, potentially broader request prior to the trial court's granting of the respondent's motion. *Cf. Moody v. Dorsett,* 149 So. 3d 1182, 1184 (Fla. 2d DCA 2014) (noting that if a trial court's ruling is "found to be erroneous, litigants must be granted an opportunity to present their case under the corrected ruling" (quoting *John Hancock Mut. Life Ins. Co. v. Zalay,* 522 So. 2d 944, 946 (Fla. 2d DCA 1988))); *Willson v. Big Lake Partners, LLC,* 211 So. 3d 360, 365 (Fla. 4th DCA 2017) (concluding that where a trial court changes its ruling during or after a trial without offering the party affected the opportunity to present its own evidence on the issue, an abuse of discretion occurs).